Pearson, J,
 

 To repel the statute of limitations, there must be a promise to pay the debt, sued on, either expressed or implied ; and the terms used must have sufficient certainty to give a distinct cause of action, by the aid of the maxim, “idcertum est, quod cerium reddi potest.”
 
 Smith
 
 v.
 
 Leeper, 10
 
 Ired. 68. The rule is settled, but the difficulty is in applying it.
 

 The plaintiff relies upon a conversation, had with one of the defendants, at the Term, to which the suit was returned,
 
 *274
 
 to repel the statute ; and insists, that the law will imply a promise to pay his debt, on two grounds : The defendant asked the plaintiff why he had sued him : plaintiff said, he had sued him for a settlement; defendant replied, he was •willing to settle, and had been so at all times. The question is, does the law, with the aid of the above maxim, from this evidence imply a promise to pay the debt sued for?
 

 The word ‘"settle” is sometimes used in the sense of “paving,” as if, upon a balarme beirg struck, one says, “1 have not the money now, but will call in a few days and settle it.” Here, a promise to settle is a promise to pay. The word was considered as being used in this sense, in
 
 Smith
 
 v.
 
 Leeper.
 
 At other times, “settle” is used in the sense of accounting together and striking a balance by
 
 computation.
 
 When so used, a promise to settle implies a promise to pay the balance. For, why settle, unless you intend to pay ? And this implied promise to pay is sufficient to repel the statute ; for, although the amount is indefinite at the time of the promise, yet a mode is agreed on, by’which it can certainly be ascertained; and the maxim, above cited, 'applies. In this sense, the word
 
 “
 
 settle” is' used in
 
 Smallwood v. Smallwood, 2
 
 Dev. and Bat. 335.
 

 At other times, it is used in the sense of adjusting matters of controversy, about which there had been a difference of opinion, and striking a balance b}T agreement. When so used, a promise to settle implies a promise to pay the balance, provided it is agreed on. It is a conditional promise. The amount is indefinite — a mode is pointed out, by which it may or may not be made certain — if it be made certain in that mode, the promise becomes absolute • but if it is not attempted, or is ineffectual, by reason of the disagreement of the parties as to the facts, then the condition being unperformed, the promise is of no force, being a promise to pay an indefinite amount, which cannot be
 
 *275
 
 made certain. In this sense the word “settle” is used in
 
 Peoples
 
 v.
 
 Mason, 2
 
 Dev. 367.
 

 The maxim, above cited, applies only when the amount can be made certain by reference to some paper, or by figures, or in some other infallible mode: in which case it is considered the same, as if the amount was ascertained at the time of the promise. But if the mode pointed out, by which the amount is to be made certain, either may, or may not, effect the object — as if one says, “ I will pay you .the balance due on settlement, provided we can agree on it” — the maxim has no application, unless the amount is made certain in that way ; for, if that fails, it cannot be made certain. This distinction will reconcile many of the cases.
 
 We do
 
 not feel at liberty to follow those, that carry the doctrine beyond the fair meaning of the statute.
 

 The second ground, relied on by the plaintiff, is the agreement to refer the matter in controversy to arbitrators; and it is insisted, that from this the law implies a promise to pay; for, why refer, unless you intend to pay ? The question is, does the law, with the aid of the above maxim, from an agreement to refer the matter to arbitrators, imply a promise to pay the debt sued for P From an agreement to refer, the law implies a promise to pay the amount, that the arbitrators may find; but there is no ground for the further implication of a promise to pay the amount, that a jury may find. On the contrary, the more reasonable inference is, that if the matter is to proceed in a regular course of law, the defendant intends to rely on every ground of defence that the law gives him; and there is nothing, from which it can be implied, that he waives a protection giveji to him by law and voluntarily takes on himself “ the onus ” of making a full defence to the plaintiff’s demand, after the lapse of some eight or ten years.
 

 The implied promise to pay the amount, that the arbitrators may find, leaves the sum indefinite, but a mode is
 
 *276
 
 agreed on, by which to make it certain. If it is made certain in that way, the promise- becomes absolute ; but if it is not made certain, there is a promise to pay an indefinite amount, which is of no force and cannot be aided by the maxim, “ id certum est, quod certum reddi potestfor, as is already said, that maxim only applies to cases, where there is a reference to some paper, or where the thing can be made certain by computation or figures, or in some other infallible mode, not depending on the agreement of the. parties, or the finding of arbitrators, or the finding of a jury.
 

 In this case the plaintiff holds a receipt of the defendants for one hundred and fifty barrels of herrings, dated 1841. The defendants claim a discharge, as to six of the barrels. This is objected to by the plaintiff, and the parties do not agree. Afterwards the plaintiff brings suit. The defendants ask, why he sued ? The reply is, for a settlement; whereupon, the defendants say, we are willing to settle, and have always heen willing; and it is then agreed to refer the matter to arbitration. Upon what principle can the law, from this evidence, imply a promise to pay the debt, sued for ? Does the promise include or exclude the value of the six barrels disputed ? This is uncertain ; and not having been made certain, either by the agreement of
 
 the
 
 parties, or the finding of the arbitrators, the promise implied is to pay an indefinite sum, and is too vague to have any legal effect. To allow it to repel the statute, “ would virtually take away the protection, which the Legislature meant to give against stale
 
 demands.”
 
 — Arey v. Stephenson, 11 Ired. 86.
 

 Per Curiam. Judgment affirmed