Harter vs. Christoph and another.

---

HARTER vs. CHRISTOPH and another.

*Reformation of written instrument.*

| 32 | 245 |
|----|-----|
| 75 | 153 |
| 32 | 245 |
| 79 | 671 |
| 32 | 245 |
| f102 | 679 |
| 32 | 245 |
| 108 | 56 |
| 32 | 245 |
| 109 | 828 |

1. Equity will not reform a written instrument for a mistake in reducing it to writing, unless such mistake is established by the most clear and satisfactory proof; nor unless the correction asked for expresses the understanding of *both* parties at the time it was executed.
2. It would be an extreme case which would justify the court in reforming or defeating a written instrument upon the uncorroborated testimony of a party thereto, even if such testimony were uncontradicted.
3. C. and D. bought and operated a machine together, and gave their *joint* notes therefor; and to secure the notes C. gave a mortgage of land,

and D. a chattel mortgage. C. paid half the amount of the notes, and, in an action to foreclose his mortgage for the other half, alleged that the original contract was that he should be liable for only half the amount, and that his mortgage should be given to secure only one-half, and that it was drawn to secure the whole amount by mistake, and executed by him without knowledge of the mistake. On the trial he testified that the original agreement was as alleged; that he executed the notes knowing them to be joint; but that he executed the mortgage (which he did not hear read) under the belief that it was so drawn as to secure only one-half of the amount of the notes. The agent who sold the machine and took the security testified that according to his recollection the latter was drawn in strict accordance with the original contract. *Held*, that upon this state of the evidence the mortgage could not be reformed or defeated.

APPEAL from the Circuit Court for *Winnebago* County.

The defendants purchased of the Aultman and Taylor Manufacturing Company a threshing machine and power, for the price of which they gave nine promissory notes executed by them jointly ; and to secure the payment of said notes the defendant *Christoph* executed to said company a mortgage on certain real estate ; and the defendant *Dunn* executed a mortgage on certain personal property, for the same purpose. One-half of each of said notes was paid at or about the time it became due, by *Christoph*. The other half of the notes remaining unpaid, the plaintiff, who is the assignee of the mortgagee, brought this action to foreclose the mortgage executed by *Christoph*.

The defense is, that the original contract between the parties was that *Christoph* should only be liable for one-half of the purchase price of the machine and power ; that the mortgage was to be given to secure the payment of but one-half of the notes given therefor ; and that the mortgage was drawn to secure the payment of the whole amount of such notes by mistake, and was executed by *Christoph* without the knowledge that it failed to carry out the original agreement.

On the trial, *Christoph* testified that the original agreement was as above stated ; that he signed the notes knowing that they were joint notes ; but that he executed the mortgage

(which he did not hear read) under the belief that it was drawn so as to secure only one-half of the amount of the notes.

Jerome Bacon, the agent who sold the machine and power to the defendants and who took the securities therefor, testified that according to his recollection the securities were drawn in strict accordance with the original contract; and he denied all fraud or deceit in the transaction. The foregoing is the substance of all the testimony on the question of the alleged mistake in the mortgage. The county court dismissed the complaint, with costs, and adjudged a discharge of the mortgage by the plaintiff. From this judgment the plaintiff appealed.

*Jackson & Halsey*, for appellants, to the point that courts of equity, as well as courts of law, hold that where there is a written contract, all antecedent propositions, negotiations and parol interlocutions on the same subject are to be deemed merged therein, cited 1 Story's Eq. Jur., § 160, last clause; 2 L. C. in Eq., part 1, 517, note, 522, 528; Starkie on Ev. *648, *652; 1 Spence's Eq. Jur., 553 et seq.; 1 Greenl. Ev., 275, 282; *Heath v. Van Cott*, 9 Wis., 516. They argued that to authorize the decree sought for, on the ground of mistake, it must *clearly* and *certainly* appear that *both* parties were mistaken as to some fact (24 Wis., 496), and that such fact was material and of such high importance as to render the contract such as it would be unconscionable to enforce (Story's Eq. Jur., §§ 141–146, 152, 157, 161; Adams' Eq., 343, 344; Willard's Eq. Jur., 69; 2 Johns. Ch. R., 593; 4 Barb., 95, 108; 12 Wis., 91; 13 id., 355; 14 id., 618); and they contended that the evidence in this case was insufficient. To the point that even if the mortgage were void, plaintiff would be entitled to a personal judgment in this action, against both defendants, on the notes, they cited R. S., ch. 132, sec. 43; Laws of 1862, ch. 243; *Stephens v. Magor*, 25 Wis., 533, 537.

*A. L. Collins*, for respondent, to the point that the notes and mortgage are not the agreement, but, if properly drawn, would have been the sequence of it, and that defendant might show

mistake or fraud in the execution of them, cited 1 L. C. in Eq., 528; 13 Wis., 362; and he argued upon the evidence in support of the finding and judgment of the circuit court.

LYON, J. It is not claimed that the plaintiff is in any better or different position in respect to the mortgage in controversy than the mortgagee would have been in, had the mortgage not been assigned. Hence, the only question to be determined is, whether there was sufficient evidence to justify the finding of the county court that the alleged mistake in drawing the mortgage was made, and that it should have been drawn to secure the payment of but one-half of the amount of the notes.

The rule is perfectly well settled, that a court of equity will not reform a written instrument for a mistake in reducing it to writing, unless such mistake is established by the most clear and satisfactory proof. Until such proof is made, the written instrument must be taken to contain the real contract between the parties. This rule has been repeatedly asserted, even in stronger terms than are here employed, and enforced by this court. *Newton v. Holley*, 6 Wis., 592; *Lake v. Meacham*, 13 id., 355; *Fowler v. Adams*, id., 458; *Harrison v. The Juneau Bank*, 17 id., 340; *Kent v. Lasley*, 24 id., 654; *McClellan v. Sanford*, 26 id., 595. A written instrument will not be reformed unless the correction asked ·for expresses the understanding of both parties thereto at the time it was executed. *Ledyard v. The Hartford Ins. Co.*, 24 Wis., 496.

The defendant *Christoph*, the mortgagor, seeks to impeach the mortgage for an alleged mistake therein; and his position in respect to it is precisely the same as though he were in court as a plaintiff asking to have the mortgage reformed. Hence the foregoing rules of law are applicable here; and, unless the evidence clearly and satisfactorily proves the alleged mistake, or, in the language of many of the cases, unless it proves the same beyond a reasonable doubt, the defense fails, and the mortgage must be enforced according to its terms.

Tested by these rules, the conclusion is irresistible that the evidence is entirely insufficient to support the finding and judgment of the county court. It would be an extreme case which would justify the court in reforming or defeating a written instrument for a mistake therein, upon the uncorroborated testimony of a party to it, although such testimony were uncontradicted. *Kent v. Lasley* and *McClellan v. Sanford, supra.* But in this case, not only is the testimony of the mortgagor uncorroborated, but it is disputed by that of the agent of the mortgagees, the witness Bacon, in very material particulars. Considering Bacon's testimony in connection with the facts that the defendants bought the machine together and operated it together, that *Christoph* knowingly signed joint notes with *Dunn* for the price, and that the mortgage was executed in its present form, we should hesitate to say that there is even a preponderance of testimony in support of the theory that the alleged mistake intervened in drawing the mortgage. Much less could we say that the testimony proves clearly and satisfactorily that when the contract of purchase was made, both *Christoph* and *Bacon* understood that the mortgage was to be given by *Christoph* to secure only one-half of the price of the machine and power.

The judgment of the county court must be reversed, and the cause remanded for further proceedings according to law.

*By the Court.*— So ordered.