BLAKE OPERA HOUSE COMPANY and another, Respondents,
vs. THE HOME INSURANCE COMPANY, Appellant.

*February 23 — March 12, 1889.*

*Reformation of written contract: Evidence: Insurance.*

To show that a policy of insurance issued to, and upon the property
of, a corporation was so written by mistake and was intended to
be issued to, and to cover only the interest of, a stockholder to
whom the loss was made payable, the proofs must be entirely
plain and convincing beyond reasonable controversy; otherwise
the writing will be held to express correctly the intention of the
parties.

APPEAL from the Circuit Court for *Rock* County.

The following statement of the case was prepared by
Mr. Justice CASSODAY:

The complaint is upon a policy of insurance issued by
the defendant to the plaintiff company, with the loss pay-
able to the plaintiff *Blake* as his interest might appear.
The answer, among other things, alleged as a counterclaim,
in effect, that the contract was wholly between the de-
fendant and *Blake*, who paid the premium, and was to
insure his interest as a stockholder of the company, and
that the policy should have run to him accordingly, but
that by mistake it was issued as stated, and by reason of
such mistake a reformation of the policy was prayed. The
plaintiffs replied to such counterclaim.

The cause was tried by the court, and the testimony
taken was voluminous. At the close of the trial of the
equitable cause of action alleged in the counterclaim, the
court found as matters of fact, in effect, that at the times
mentioned *Blake* was a large stockholder of the company;
that the company owed him $700, and he was liable as in-
dorser on its paper to the amount of $30,000; that Febru-
ary 6, 1884, the defendant, in consideration of $30 to be

paid, made and delivered to the company its policy, whereby it insured the company against loss or damage by fire for the period of one year in the sum of $1,000, payable as stated; that said *Blake* did not apply to the defendant's agent for such insurance to him as such stockholder, nor represent to such agent that he was such stockholder, nor request insurance to protect him as such; that *Blake* at the time, in fact, owned one fourth of the stock, and the same was known to such agent; that the company had at the time other insurance to the amount of $48,000 in various companies; that as he was a director of the company, and was about to go out of the state, he applied to the defendant's agent for additional insurance on the company's real and personal property in the amount of the policy as stated in the complaint, with the "loss, if any, by request of assured, payable to *L. S. Blake;*" that it had previously been agreed by the directors of the company that any of them might take out such additional insurance upon the property of the company, payable to himself, by paying the premium, as the company had no money to pay the same; that *Blake* took such insurance and paid for the same in pursuance of such agreement; that the contract was in fact between the defendant and the company; that there was no mistake made in the wording of the policy; that it was never intended by the defendant, or its agent, or *Blake*, that the policy should be written as insuring *Blake's* interest in the company; that *Blake* made no other contract of insurance with the defendant than the one thus found; that the main object of *Blake* in so obtaining said insurance was to protect his own interest as such stockholder and creditor of and indorser for the company.

As conclusions of law, it was found that said policy should not be reformed nor changed in any manner, but that the same should stand and remain in all of its terms and conditions as it was when issued and delivered; that

the plaintiffs were entitled to the costs of the trial of said equitable issue, and to judgment for said costs; and judgment was therein ordered accordingly.

Thereupon the other issues were tried by the court without a jury, and upon such trial the court found as matters of fact, in effect, that the policy was made and delivered as above stated; that December 28, 1884, the property thereby insured was totally destroyed by fire; that January 22, 1885, the plaintiffs made and forwarded by mail to the defendant due and formal proofs of loss under the policy and in accordance with its terms, and that no part of said insurance had been paid; that the value of the property insured exceeded the total amount of insurance thereon; that *Blake's* interest in the property so destroyed was, *first*, as a stockholder of the capital stock to the amount of $15,000; and, *secondly*, as a creditor of the company to the amount of $1,240 at the time of the loss, and interest. And as conclusions of law the court found, in effect, that the defendant was indebted to the plaintiffs in the sum of $1,000, with interest from March 22, 1885, and that the plaintiffs were entitled to judgment therefor, with costs. From the judgment entered in the case in accordance with such conclusions the defendant appeals.

For the appellant there was a brief signed by *Winkler, Flanders, Smith, Bottum & Vilas* and *Edwin White Moore,* of counsel, and oral argument by *F. C. Winkler.*

For the respondents there was a brief by *Fish, Dodge & Fish,* and oral argument by *John T. Fish.*

CASSODAY, J. It was certainly competent for the parties to make the contract of insurance in the form it was executed. This is, in effect, conceded. Undoubtedly, it would have been competent for the defendant to have insured *Blake's* interest in the company as a stockholder by a policy issued directly to him, if such had been the contract.

It is claimed that such was in fact the contract made, but that by reason of a mistake in writing the policy it was issued to the company and insured its property against loss by fire, with the "loss, if any, by request of the assured, payable to *L. S. Blake*," aforesaid. Until reformed, the policy as drawn was certainly conclusive upon all the parties that the contract was with the plaintiff company and insured its property against loss by fire. *Gillett v. Liverpool & L. & G. Ins. Co., ante*, p. 203. The learned counsel for the defendant concedes such to have been the presumption until overborne by the testimony. It is, moreover, conceded that such proofs, to overcome such written evidence, "must be entirely plain and convincing beyond reasonable controversy; otherwise, the writing will be held to express correctly the intention of the parties." This reduces the whole question involved to one of fact, to be determined from the evidence. After a very careful reading of the printed case we are unable to hold that there is any such clear preponderance of evidence of mistake as would authorize us to disturb the findings; on the contrary, we are forced to the conclusion that the findings are supported by the evidence. A discussion of the facts would be of no benefit to any one.

*By the Court.*— The judgment of the circuit court is affirmed.