MILLER, Respondent, vs. METZ, Appellant.

*April 25 — May 16, 1899.*

*Oral contract to convey land: Breach: Action at law: Defenses: Measure of damages: Evidence.*

1. In an action at law for damages for breach of an oral contract to convey a farm under which possession had been taken by plaintiff, a counterclaim at law was interposed that the occupation was under a written lease. The lease did not describe the premises in dispute but an entirely different parcel. *Held* that, until reformed, such lease did not constitute a defense or counterclaim at law and was inadmissible in evidence.
2. The defendant, in such case, having removed plaintiff from and sold the lands, and put it out of her power to convey, the measure of damages, if the contract was void because not in writing, would be what had been paid thereon and the reasonable value of plaintiff's services over and above the value of the use of the land and crops, and, if valid, what had been paid on the contract in cash or services.

APPEAL from a judgment of the circuit court for Washington county: JAMES J. DICK, Circuit Judge. *Affirmed.*

The plaintiff in this action is a son of the defendant, and the defendant in March, 1891, was about sixty-four years of age. The complaint alleged that the plaintiff was a married man, having a good position and steady employment in Milwaukee, at a salary of $1,000 per year; and that about the 15th of March, 1891, the defendant, being the owner of eighty acres of land in the town of Barton, Washington county, made an agreement with the plaintiff by which the plaintiff was to leave his employment in Milwaukee, take possession of said farm and work the same, and pay the defendant $150 per annum during her life, and, after her death, pay to the defendant's other sons and daughters the sum of $2,000, and that, upon the plaintiff's taking possession of said farm, the defendant would execute and deliver to the plaintiff a deed of the premises. The complaint further alleges that

Miller vs. Metz.

the plaintiff took possession of the premises in March, 1891, under said agreement, and remained so in possession, working the farm, until the month of October, 1896, and during that time paid the defendant $150 in each year, making a total of $750, and that his work upon the farm was of the value of $300 per year; that the defendant, in violation of her agreement, refused to make a deed of the premises to the plaintiff, but in fraud of the plaintiff's rights, and after the plaintiff had been in possession for more than five years and paid the said sums of money and performed the labor aforesaid, sold and transferred said premises, and made it impossible for her to carry out said contract, and forced the plaintiff to remove from the premises. The complaint also alleged a demand for the return of the money so paid by him and compensation for his services, but that said demands were refused, and the plaintiff has received nothing except the net income of said farm, which did not amount to more than $100 per year. Judgment was demanded for said sum of $750, with interest, and also for $1,000 for services performed after deducting the net income of the farm.

The answer denied the making of the alleged agreement to convey the farm to the plaintiff, and, by way of counterclaim at law, alleged that on or about April 1, 1891, the defendant leased to the plaintiff the premises in question for a term of six years, which lease was reduced to writing on the 10th of July, 1891, but that the scrivener who drew the lease erroneously described the premises, so that the terms of the lease did not cover the premises in dispute; that the plaintiff took and held possession of the premises under said lease, and paid said $750 as rent of the premises under the provisions of the lease; that the plaintiff failed to pay the last year's rent of the premises, which fell due October 1, 1896, whereupon the defendant served a notice to quit upon the plaintiff, who removed from the premises in obedience to the notice, — and judgment was demanded for the said sum

of $150 and interest, being the the last year's rent of the premises.

The plaintiff's reply to the counterclaim alleged that in March, 1891, the defendant refused to execute a deed of the premises, but, in lieu thereof, executed a will devising the same to the plaintiff, on the same terms mentioned and provided in her agreement to convey, and agreed that said will should not be revoked, and that the plaintiff worked the farm thereafter in consideration of the making of said will, but that the defendant became dissatisfied, and in July, 1891, demanded that some paper should be executed showing the plaintiff's right to the possession of the farm, and agreeing that, if he would sign the so-called lease referred to in the counterclaim, he should still continue in possession, and should have the farm, as provided in the will and agreement; that the plaintiff, relying upon his mother's agreement, signed said instrument, but that at that time he was in possession of the premises under the original agreement, and so continued, until compelled to leave, as alleged in the complaint; and that thereafter the defendant wrongfully destroyed her will, and refused to convey the lands, and ordered the plaintiff to remove therefrom, and sold the same to an innocent purchaser.

The action was tried by a jury, and the evidence of the plaintiff tended to show the making of the oral contract alleged in the complaint in March, 1891, and that under said contract he left Milwaukee with his family, and abandoned his employment there, and moved upon the farm; that he bought the stock and tools from his mother, which were upon the farm, for $200, and soon after demanded a deed thereof, which was refused, but that in April, 1891, the defendant made a will in substantially the same terms as the alleged oral contract; that the plaintiff paid $150 per year to his mother for five years, and in October, 1896, received a notice to quit the premises, which he did, and thereupon his

Miller vs. Metz.

mother sold and conveyed the same to an innocent purchaser; that his work upon the farm was worth $300 per year; that he did not receive more than $150 per year net proceeds. The plaintiff was corroborated as to the making of the oral contract, and its terms, by two witnesses, who claimed to have been present at the time.

The defendant denied making any oral contract, and claimed that the plaintiff came to live on the farm without any agreement, and that in July, 1891, the lease set forth in the answer was made, and that all the payments made by the plaintiff, and the work done by him, were done under the lease. This lease was introduced and received in evidence against objection, but it did not describe the lands in controversy, and, on the contrary, referred by its terms to an entirely different eighty acres of land. The defendant admitted that she gave the plaintiff notice to quit in October, 1896, and that he vacated the premises, and that she afterwards conveyed said premises. She also admitted the making of the will in March or April, 1891, substantially in the terms claimed by the plaintiff, and that she afterwards destroyed the will. The jury returned a verdict for the plaintiff for $1,200, damages, and the defendant appeals.

For the appellant there was a brief by *P. O'Meara* and *C. E. Robinson*, and oral argument by *Mr. O'Meara*. To the point that plaintiff was estopped by his lease, they cited Taylor, Landlord & T. (6th ed.), § 92, note, and § 629; *Strain v. Gardner*, 61 Wis. 174; *Hammond v. Barton*, 93 Wis. 183; *Dezell v. Odell*, 38 Am. Dec. 631, note; Bigelow, Estoppel (4th ed.), 656; *Portis v. Hill*, 98 Am. Dec. 481; *Boggs v. Olcott*, 40 Ill. 303.

For the respondent there was a brief by *Sawyer & Sawyer*, and oral argument by *E. W. Sawyer*.

WINSLOW, J. This is an action at law for damages. The defense consisted substantially of a denial of the parol con-

Miller vs. Metz.

tract of sale, and a claim that the plaintiff's occupation of the premises was under a written lease executed in July, 1891. This lease did not describe the premises in dispute, but did describe an entirely different parcel of land; hence it could constitute neither a defense nor a counterclaim at law, until reformed. What was said on this subject in *Casgrain v. Milwaukee Co.* 81 Wis. 113, is applicable here: "The reformation of contracts is purely cognizable in equity. It must be done by equitable action or by equitable counterclaim. It cannot be by mere defense in an action at law. In the present case, there has been no action brought, nor counterclaim interposed, to reform this contract; consequently it must stand as written." Hence the lease was inadmissible in evidence, and is not properly in the case. With the lease eliminated from the case, the sole important questions remaining were whether the alleged oral contract was made, and, if so, what was the proper measure of damages.

The jury have decided that the parol contract was made, and that the plaintiff held under it, and we are unable to see that the court's charge on this subject contained any substantial errors which were prejudicial to the defendant. If there were any errors, they were contained in such parts of the charge as allowed the jury to consider the provisions of the alleged lease, and of such errors the defendant cannot complain.

Complaint is made of the charge of the court as to the measure of damages. The court charged, in substance, that, if the plaintiff recovered, he was entitled to receive the amount of cash paid by him on the contract, and the reasonable value of his services in working the farm, after deducting the income of the farm received by him. There does not seem to be any good ground for complaint by the defendant of this charge. If the contract was void because not in writing (which is not decided), the plaintiff could recover what he had paid thereon and the reasonable value

of his services over and above the value of.the use and crops. *Clark v. Davidson*, 53 Wis. 317. If, on the other hand, it was a valid contract, and was breached by defendant by putting it out of her power to fulfill its terms, the vendee would, at least, be entitled to recover what he had paid upon the contract in cash or services.   2 Suth. Dam. (2d ed.), § 586.

There were some exceptions taken to rulings upon evidence, but we have found no prejudicial errors, and it does not seem necessary to notice them at length.

*By the Court.*— Judgment affirmed.