SCHMIDT, Appellant, vs. SCHMIDT's ESTATE, Respondent.

*November 16—December 13, 1904.*

*Estates of decedents: Claims: Advancements: Parol evidence.*

Plaintiff filed as a claim against his son's estate, a plain, unambiguous promissory note. The answer alleged that at the time of the pretended execution of the note the plaintiff gave his deceased son the face of the note as an advancement, and that the note was only evidence of such gift or advancement. *Held*, that parol evidence tending to prove the allegations of the answer was inadmissible, both under sec. 3959, Stats. 1898, providing that parol evidence is inadmissible to prove an advancement,. and also because it tended to contradict the plain terms of an unambiguous written contract.

APPEAL from a judgment of the circuit court for Calumet county: GEO. W. BURNELL, Circuit Judge. *Reversed.*

This was a claim made by a father against the estate of his deceased son, upon a promissory note for $1,000, alleged to have been executed by the son January 30, 1900, payable to the order of the plaintiff ten years after date, with interest. The claim was filed in the county court, setting forth a copy of the note, and alleging that the money was loaned to be used, and in fact was used, by the deceased in purchasing a certain eighty-acre tract of land, the description of which was set out at length. The claim was disallowed in the county court May 21, 1902, and the plaintiff appealed to the circuit court, after

which appeal the defendant answered, denying the execution of the note, and alleging that at the time of the pretended execution of the note the plaintiff gave to his deceased son and other of his children $1,000 each as advancements out of his estate, and that, if the note in question was ever signed, it was not intended as an evidence of indebtedness, but only as evidence of a gift or advancement. The case was tried before the court, trial by jury being waived. The note itself was not produced, but evidence was introduced showing that it was offered in evidence in the county court and had not been since seen. Parol evidence was received, against objection, tending to show that the transaction was an advancement only, and not a loan of money, and the court found that it was an advancement, and that the note was executed only as evidence of an advancement, and should be canceled. Thereupon judgment was entered dismissing the complaint, and the plaintiff appeals.

For the appellant there was a brief by *Jos. Roemer* and *H. C. Sloan,* and oral argument by *Mr. Sloan.*

For the respondent there was a brief by *Pierce & Lehr,* and oral argument by *J. E. Lehr.*

WINSLOW, J. The admission of parol evidence tending to show that the sum named in the note in question was an advancement from the father's estate was error, for two reasons: *First.* Under our statute (sec. 3959, Stats. 1898) parol evidence is inadmissible to prove an advancement. *Pomeroy v. Pomeroy,* 93 Wis. 262, 67 N. W. 430. *Second.* Irrespective of this question, it was inadmissible because it tended to contradict and set at naught the plain terms of an unambiguous written contract.

If it was claimed that the note was executed by mistake, and did not express the intent of the parties, this fact could only be proven when properly alleged by an equitable counterclaim. *Casgrain v. Milwaukee Co.* 81 Wis. 113, 51 N. W. 88.

It seems to be admitted in both briefs that one of the objects sought by the plaintiff was to establish a vendor's lien upon the land purchased by the deceased in favor of the plaintiff, and it is suggested in respondent's brief that forty acres of the land purchased constituted the homestead of the deceased. As this question has not been tried, and the testimony on the question is at best of a fragmentary character, we shall not attempt to decide it, but shall send the case back for a new trial, when this question, if it arises, can be satisfactorily tried. In so doing it is not improper to call attention to the fact that no formal complaint asking for such relief appears in the record, and also the fact that this court has held that sec. 2271, Stats. 1898, which provides that the homestead shall descend free from all judgments and claims against the deceased owners with certain exceptions, abrogates the right to a vendor's lien thereon. *Berger v. Berger,* 104 Wis. 282, 80 N. W. 585.

*By the Court.*—Judgment reversed, and action remanded for a new trial.