KRUSE and wife, Respondents, vs. KOELZER and wife, Appellants.

*March 16—April 5, 1905.*

*Reformation of deed: Mistake: Acceptance: Laches: Antecedent contract: Parol evidence: Practical construction by parties.*

1. To warrant the reformation of a written instrument on the ground of mistake it must be clearly shown that the mistake was mutual and that both parties intended to make an instrument different from the one sought to be reformed.

2. Thus, where the purchasers of part of a lot expected to get seventy-five feet in depth, all parties supposing that the lot was 150 feet deep, as it was shown on a plat, but the vendors only agreed to sell one half and intended to and did in fact convey only one half, there was no mistake warranting reformation of the deed so that it should convey seventy-five feet, although it was found that the lot was in fact less than 150 feet in depth.

3. The purchasers' acceptance of the deed in such a case, with nothing to prevent their being chargeable with knowledge of its contents, and their acquiescence for a long time, during which the vendors had changed their position on the faith of ,the deed, would bar any right to a reformation, whatever were the facts as to the understanding between the parties with reference to the description of the land.

4. A receipt for earnest-money given by the agent who negotiated the sale, describing the property as seventy-five feet in depth, although his only authority was to sell one half, the vendors knowing nothing of this receipt until long after the execution of the deed, was not an antecedent contract admissible in evidence to explain the deed or to be construed with it.

5. Parol evidence is not admissible to explain or vary the terms of a conveyance of land.

6. Evidence of the acts of the parties is not admissible to show a practical construction of a deed, where its terms are not ambiguous or indefinite.

APPEAL from a judgment of the superior court of Milwaukee county: J. C. LUDWIG, Judge. *Reversed.*

This action was brought to reform a warranty deed from defendants to plaintiffs. The complaint alleges, in effect, that on the 1st day of April, 1902, plaintiffs and defendants negotiated and bargained the sale by defendants to plaintiffs of the south seventy-five feet of the east one-half of lot No. 9, in block No. 120, Second ward, city of Milwaukee, Milwaukee county, Wisconsin, being a lot twenty-five feet on Winnebago street by seventy-five feet deep on the west line and seventy-five feet deep on ,the east line, which premises defendants agreed to convey to plaintiffs for $6,500; that in pursuance of such agreement, on the 23d day of April, 1902, defendants executed and delivered to plaintiffs a deed, intending thereby to convey said premises, and received such

consideration; that plaintiffs recorded said deed, and believed it conveyed the premises above described; that by mistake of the defendants and the scrivener the premises were erroneously described as the south half of the east half of lot 9, block 120; that it is necessary that such deed be reformed in order to carry out the intention of the parties; that on discovery of said mistake plaintiffs requested defendants to correct the same. The answer is a general denial.

The action was tried, and the court below found that a mistake was made in the description and that the deed should be reformed according to the prayer of the complaint. Judgment was rendered in accordance with such finding, from which this appeal is taken.

For the appellants there was a brief by *Hoyt, Doe, Umbreit & Olwell,* and oral argument by *F. M. Hoyt.*

*H. E. Georgi,* for the respondents.

KERWIN, J.    1. The evidence of mistake on the part of the plaintiff is very meager.    True, the plaintiff *William Kruse* testified that he stated he must have seventy-five feet for his business, but when he so stated defendant *Bernard Koelzer* made no reply, except that he would have seventy-five feet on the alley, and this upon the theory that, the lot being 150 feet on the alley, one half would give him seventy-five feet.    Defendant *Bernard Koelzer* testified that he never agreed to sell seventy-five feet, or anything but the south half, and the plaintiff *William Kruse* does not testify positively that in any of the conversations had before the execution of the deed defendant *Bernard Koelzer* agreed to make the deed for the south seventy-five feet.    It is true Ewens, real-estate agent, testified that it was understood plaintiff's property was to be seventy-five feet on the square. He further testified that defendant *Bernard Koelzer* asked who was to lose the angle on Vliet street, and Ewens said, it being on his side, he would have to lose it, to which said de-

fendant made no reply.    Joseph Ewens, architect, testified
*Kruse* said he had seventy-five feet on the east line owing to
having sold seventy-five feet to *Kruse,* but he did not know
how much he had on the west line.    This evidence was con-

sistent with the theory that he had sold the south half to
plaintiffs, because all parties understood at this time that the
lot was 150 feet on the alley, as it appeared on the plat ex-
amined by the parties.    The plaintiffs and defendants were
mistaken as to the length of the lot, and this appears to be
the mistake between the parties.    It is quite clear that de-
fendants did not intend to make any deed different from
the one made.    The evidence shows that defendants particu-
larly examined the contents of the deed before it was signed,
went to the office of the scrivener for that purpose an hour

before the appointed time, so as to be able to do so,, and plaintiff *William Kruse* was present when the papers were signed. Now, it is quite clear defendants signed the deed they intended to sign; that there was no mistake on their part; and no fraud or other ground of equitable relief is claimed. The reformation is asked because of mistake, and, in order to warrant a court of equity in reforming a written instrument on the ground of mistake, the mistake must be mutual. It is not sufficient that plaintiffs were mistaken in the description; defendants must be also. It is well established that, to warrant a court of equity in reforming a written instrument on the ground of mistake, the evidence must be clear and convincing that the mistake was mutual and that both parties intended to make an instrument different from the one sought to be reformed. 3 Pomeroy, Eq. Jur. § 1376; *Meiswinkel v. St. Paul F. & M. Ins. Co.* 75 Wis. 147, 43 N. W. 669; *Harter v. Christoph,* 32 Wis. 245. The evidence is undisputed that defendants carefully examined the deed before they signed it, and knew what they were signing, and intended to make a deed of the south half of the lot in question, and it is not easy to see upon what theory the court found there was a mutual mistake.

It is doubtless true that plaintiffs expected to get seventy-five feet of the lot, but this not because of a different deed from the one executed, but because they understood the lot to be 150 feet long and that the deed they received would give them the quantity of land they expected. This is obvious from the evidence. One witness says: "*Q.* What was said as to the size of the lot? *A.* I think *Mr. Kruse* talked about his wanting seventy-five feet, and with the supposition that the lot being 150 feet deep, according to the map, why, there was no reason to have any question raised at all as to size." The parties were present when the deed was executed, and there is no evidence that they did not understand its contents. But even if the deed did not describe the

land intended to be conveyed, it was the plain duty of the
plaintiffs to open their eyes and see it. They could not.
accept the deed, take possession of the property, sleep upon
their rights, and allow defendants to act upon their acquies-
cence, and afterwards ask a court of equity to grant them.
relief from their own negligence. It is well settled that,.
where a party accepts a written instrument in consummation
of an agreement entered into, it is his duty to know its con-
tents, unless there be fraud or mistake of such a nature that
he could not reasonably have informed himself when put
upon inquiry. *Bostwick v. Mut. L. Ins. Co.* 116 Wis. 392,.
89 N. W. 538, 92 N. W. 246; *Van Beck v. Milbrath,* 118·
Wis. 42, 94 N. W. 657; *Herbst v. Lowe,* 65 Wis. 316, 26 N..
W. 751; *Sanger v. Dun,* 47 Wis. 615, 3 N. W. 388; *Fuller
v. Madison M. Ins. Co.* 36 Wis. 599. Men, in their deal-
ings with each other, cannot close their eyes to the means of
knowledge equally accessible to themselves and those with
whom they deal, and then ask courts to relieve them from the·
consequences of their lack of vigilance. *Mamlock v. Fair-
banks,* 46 Wis. 415, 1 N. W. 167; *Dowagiac Mfg. Co. v.
Schroeder,* 108 Wis. 109, 84 N. W. 14. Whatever be the·
facts concerning the agreement or understanding between the
parties with reference to the description of the land, the·
facts and circumstances were such as to charge the plaint-
iffs with knowledge of the contents of their deed, and their
acquiescence for so long a period of time, during which the·
defendants had changed their position on the faith of the·
deed, is sufficient to bar recovery in equity.

2. Counsel for respondents makes several contentions in
his brief, which we will consider in their order. His first
proposition is that if a deed be given in fulfilment of a con-
tract, and there is doubt as to the meaning of its terms, the·
contract is admissible in evidence to explain the deed, and that
the court should construe the two instruments together. In
the case at bar there was no contract antecedent to the deed.

A receipt was given by Ewens, the agent who negotiated the sale, for a small payment to bind the bargain, some time before the execution of the deed. This receipt, which was signed by the agent, and its contents unknown to defendants, described the property as the south seventy-five feet. Defendants knew nothing of this receipt, and never saw it, until about a year after the execution of the deed, and the agent's only authority was to sell the south half of the lot.

Counsel further contends that deeds are an exception to the ordinary rule that written instruments are supposed to contain the whole contract and cannot be varied by parol; citing *Green v. Batson,* 71 Wis. 54, 36 N. W. 849; *Hahn v. Doolittle,* 18 Wis. 196; *Brown v. Johnson,* 115 Wis. 430, 91 N. W. 1016; *Hurlbert v. T. D. Kellogg L. & M. Co.* 115 Wis. 225, 91 N. W. 673; *Beebe v. Wis. M. L. Co.* 117 Wis. 328, 93 N. W. 1103. We think a careful examination of these cases will show that the rule enunciated there is not applicable here. *Green v. Batson, supra,* holds that, in an action to recover for balance of purchase price, it was competent to show false representations as to the quality of the lands; they being covered with snow at time of sale, and no examination could be made. So *Hahn v. Doolittle, supra,* holds that false representations at time of sale of note and mortgage, relied upon by purchaser of the security, may be shown. And in *Brown v. Johnson, supra,* the evidence was allowed upon the ground that it is permissible to show a deed absolute on its face a mortgage, when given as security for a debt. In *Hurlbert v. T. D. Kellogg L. & M. Co., supra,* the defense was fraud. At p. 228 (91 N. W. 674) WINSLOW, J., said:

"It is always competent to show by parol that a given contract was entered into relying upon fraudulent representations; and, when a written contract does not contain the entire agreement between the parties, it is competent to show by parol or by other writings executed at the same time what the balance of the agreement or transaction was."

It is very clear that these cases are not in point. Where parol evidence is admissible to contradict a written instrument on the ground of fraud, no reformation is necessary. The fraud opens the door for the evidence. It will be seen that the cases cited are no invasion of the general rule that parol evidence is not admissible to contradict or vary the terms of a written instrument. The plaintiffs' suit for reformation is not brought upon the theory that parol evidence is admissible to explain the deed, but upon the theory that it is not. If parol evidence were admissible to explain or vary the terms of the deed, or show that other lands were intended to be conveyed, the plaintiffs would have no standing in a court of equity for reformation.

Counsel also cites *Hill v. Priestly*, 52 N. Y. 635, to the point that, if a deed be indefinite or ambiguous, the acts of the parties are received as a practical construction of it; but here the deed is not ambiguous or indefinite. It is as plain as language can make it. Also *Sampson v. Mudge*, 13 Fed. 260, is cited on the point that a mistake of the scrivener in drawing deed, whereby he fails to carry out the previous intention of the parties, may be corrected in equity. But, as before observed, in the case at bar the evidence fails to show any mistake of the scrivener.

We must therefore hold that the court below erred in holding that the plaintiffs were entitled to reformation.

*By the Court.*—The judgment of the court below is reversed, and the cause remanded with instructions to dismiss the complaint.