GARAGE EQUIPMENT MANUFACTURING COMPANY, Respondent, vs. DANIELSON, Appellant.

*November 20, 1913—February 24, 1914.*

*Equity: Adequate remedy at law: Waiver of objection: Reformation of contract: Evidence: Sufficiency: Laches: Jurisdiction: Milwaukee civil court: Appeal: Affirmance.*

1. In an action for equitable relief the objection that plaintiff has an adequate remedy at law is waived if not taken by demurrer or answer.
2. Reformation of a written contract on the ground of mutual mistake can be had only upon clear and convincing evidence thereof.
3. Where reformation was granted upon what the trial judge in an opinion styled "a slight preponderance of the evidence," but this court is satisfied that the evidence was in fact clear and convincing, the judgment below, being right, is affirmed, although arrived at by the adoption of an incorrect rule of law.
4. Under the circumstances of this case (stated in the opinion), plaintiff was not guilty of laches in failing to detect the mistake in the contract, nor was there unreasonable delay in seeking reformation.
5. The civil court of Milwaukee county having no equitable jurisdiction, the affirmative defense of a mutual mistake in the execution of a contract sued on in that court is not available without reformation of the contract, and the action to reform is properly brought in the circuit court.

APPEAL from a judgment of the circuit court for Milwaukee county: F. C. ESCHWEILER, Circuit Judge. *Affirmed.*

Suit in equity to reform a building contract and to enjoin, pending the suit, the prosecution by the defendant of an action previously brought by him on the same contract in the civil court of Milwaukee county to recover a balance claimed to be due him for the construction of the building. Plaintiff intended to erect a building for its manufacturing plant on a lot on National avenue in the city of Milwaukee, and plans and specifications therefor were prepared by its ar-

chitect, J. H. Esser. Later the plaintiff abandoned its intention to build on the National avenue lot, and proceeded to erect its building at the corner of South Pierce street and Eleventh avenue on a lot of a different shape and size. The plans for the National avenue building contemplated the placing of the boiler house inside of the main building. The proposed plans for the new site provided for the lengthening of the building sixteen feet, for a boiler house outside of the main building, and for the substitution of a concrete floor in place of a floor of mill construction for the first floor of said building. For additional facts see *Danielson v. Garage E. M. Co.* 151 Wis. 492, 139 N. W. 443.

The court found that on or about the 26th day of March, 1910, the plaintiff and defendant entered into an oral agreement whereby defendant agreed to erect the building according to a change in the plans as above stated; that such agreement was at or about said date reduced to writing, but that by mutual mistake of the parties thereto it referred to plans and specifications "signed by the parties" when none were in fact signed by them, and by mutual mistake it referred to the original plans without specifying the changes agreed upon. The judgment corrected the contract by striking from paragraph numbered 1 thereof the words "which plans, drawings, and specifications are identified by the signatures of the parties hereto," and inserting in the place thereof the words "subject to certain modifications to be made therein by the architect, which shall consist in the lengthening of the factory building herein referred to from a depth of 140 feet to a depth of 156 feet, the construction of the boiler room outside instead of inside of the main lines of said building, and the substitution in the first floor of said building of a floor of concrete construction in the place of a floor of mill construction." The contract was further ordered amended in other portions thereof to make it conformable to the changes above indicated.

From a judgment entered accordingly, and which also vacated the temporary order restraining the defendant from prosecuting the action brought in the civil court, the defendant appealed.

*Charles T. Hickox,* for the appellant.

· For the respondent there was a brief by *Flanders, Bottum, Fawsett & Bottum,* and oral argument by *Charles E. Monroe.*

The following opinion was filed December 9, 1913:

VINJE, J.   One of the principal contentions of the defendant is that plaintiff had an adequate remedy at law, because the ambiguity in the contract as to what plans were therein referred to could be explained by parol evidence.   It is needless to inquire into the merits of this contention, for the objection that plaintiff had an adequate remedy at law, not having been taken either by demurrer or answer, was waived. *Meyer v. Garthwaite,* 92 Wis. 571, 66 N. W. 704; *Bigelow v. Washburn,* 98 Wis. 553, 74 N. W. 362; *Pippin v. Richards,* 146 Wis. 69, 130 N. W. 872.

· In his written opinion the trial judge says, in effect, that under the presumptions that arise and by a slight preponderance of the evidence plaintiff is entitled to a reformation of the contract.   Were the evidence no stronger than this in plaintiff's favor, reformation would have to be denied, for it is settled law in this state that reformation of a written contract on the ground of mutual mistake can be had only upon clear and convincing evidence thereof.   *Harter v. Christoph,* 32 Wis. 245; *Blake O. H. Co. v. Home Ins. Co.* 73 Wis. 667, 41 N. W. 968; *Kruse v. Koelzer,* 124 Wis. 536, 102 N. W. 1072.   After a careful examination of the evidence we are satisfied that it meets the legal call, and the trial judge's characterization of it as only slightly preponderating becomes immaterial.   If the judgment is in fact correct, it must be affirmed though arrived at on the part of the trial

court by the adoption of an incorrect rule of law. The judge correctly found the facts and ordered the right judgment to be entered. An inadvertence or a mistake in his written opinion cannot affect the result. *Harris v. Welch,* 148 Wis. 441, 447, 134 N. W. 1041; *Estate of Koch,* 148 Wis. 548, 561, 562, 134 N. W. 663; *Gauf v. Milwaukee A. Club,* 151 Wis. 333, 336, 139 N. W. 207. To set out the evidence that supports the conclusion reached would not add to the legal value of the opinion, owing to the facts being peculiar to this case.

The trial court found as a conclusion of law that plaintiff was guilty of laches in failing to examine the contract and to detect the mistake. No finding of fact to that effect is made, and we think none would be supported by the evidence. The contract was entered into about the 26th of March, 1910, but it was not until July, 1911, that plaintiff received a bill from defendant showing that extra charges were claimed. Then efforts at settlement were made, which occupied some time, and finally defendant brought action in the civil court to recover the balance claimed due him. That action was appealed to the circuit court, and from it to this court (see 151 Wis. 492, 139 N. W. 443), and remanded for further proceedings. This action was begun in March, 1913. No mere inspection of the contract would show what plans were referred to, and it was not until plaintiff was apprised by defendant's claim that plans with the boiler house inside was what the contract called for, that it had notice of the mutual mistake. After that time it did not delay unreasonably in seeking reformation, in view of the effort at settlement and the pendency of the action in the civil court.

Since no equitable jurisdiction is conferred upon the civil court of Milwaukee county, the action to reform the contract was properly brought in the circuit court. Without reformation plaintiff could not, in an action at law, avail itself of the

affirmative defense of mutual mistake in the execution of the contract. *Casgrain v. Milwaukee Co.* 81 Wis. 113, 51 N. W. 88.

*By the Court.*—Judgment affirmed.

A motion for a rehearing was denied, with $25 costs, on February 24, 1914.