NEWPORT MINING COMPANY, Respondent, vs. FIREMEN'S
INSURANCE COMPANY OF NEWARK, NEW JERSEY,
Appellant.

*May 4—May 31, 1921.*

*Insurance: Property insured: Lumber and building material: Un-
completed buildings: Mutual mistake: Reformation of con-
tract: How pleaded.*

1. A fire insurance policy covering "lumber and building material
   located on property situate on" described land is construed to
   cover all lumber and building material upon the described
   premises, whether piled in the open or under cover or in
   buildings, including that contained in partly completed dwell-
   ing houses.
2. An answer alleging that it was intended that the policy was to
   cover only lumber piled in the open, without an allegation of
   fraud, mutual mistake, or a prayer for reformation of the
   contract, does not raise an issue as to whether the policy
   should be reformed because of mutual mistake in its execution.
3. Without reformation a defendant sued on contract could not,
   in an action at law, avail itself of the affirmative defense of
   mutual mistake in the execution of the contract.

APPEAL from a judgment of the circuit court for Mil-
waukee county: JOHN J. GREGORY, Circuit Judge. *Affirmed.*

Action upon an insurance policy which reads: "Palms
Mine Location, *Newport Mining Company.* $4,000 on lum-
ber and building material located on property situate on
section 14, township 47 north, range 46, near Bessemer,
Gogebic county, Michigan." There was no dispute as to
the description of the real estate on which the insured
property was located, and the second amended answer ad-
mitted all the allegations of the complaint, which stated a
good cause of action upon the policy, but alleged that the
policy covered only lumber piled in the open; that all the
loss save $52.64 occurred on lumber contained in two partly
finished dwelling houses situated upon the described prem-
ises; that the defendant did not know of the existence of
such partly finished dwelling houses when the policy was

issued; that it was the intention of the parties to cover only lumber piled in the open, and that under the laws of Michigan a different rate from that on lumber in the open obtained on lumber and building material contained in a building, but it does not state that the latter was higher or what either rate was.    It is alleged that the rate charged in the policy was for lumber piled in the open.    The court sustained a demurrer to the second amended answer and entered judgment for plaintiff upon the pleadings.    The defendant appealed.

For the appellant there was a brief by *Seymour Edgerton,* attorney, and *Wangerin & Wengert,* of counsel, all of Milwaukee, and oral argument by *Eugene Wengert.*

For the respondent there was a brief by *Fawsett & Smart,* and oral argument by *Edmund B. Shea,* all of Milwaukee.

VINJE, J.    It is obvious that the policy as written covered all lumber and building material upon the premises described whether piled in the open or under cover or in buildings. The defendant was twice permitted to amend its answer, but it never claimed that through fraud, mistake, or inadvertence the policy was not written as intended.    It did not ask for a reformation of the contract, but alleged that the intention, expressed in the written policy, was that only lumber in the open was covered by it.    This constituted but a legal defense, the validity of which must be tested by the language of the contract entered into.    It did not call for equitable relief by way of reformation.    Without reformation defendant could not, in an action at law, avail itself of the affirmative defense of mutual mistake in the execution of the contract.    *Casgrain v. Milwaukee Co.* 81 Wis. 113, 51 N. W. 88; *Elofrson v. Lindsay,* 90 Wis. 203, 63 N. W. 89; *Miller v. Metz,* 103 Wis. 220, 79 N. W. 213; *Schmidt v. Schmidt's Estate,* 123 Wis. 295, 101 N. W. 678; *Garage E. M. Co. v. Danielson,* 156 Wis. 90, 144 N. W. 284; *Jilek v. Zahl,* 162 Wis. 157, 155 N. W. 909.

Without an allegation of fraud, mutual mistake, or a prayer for reformation of the contract, it was the duty of the court to construe the contract as written. As before stated, the written policy clearly covered lumber and building material contained in partly completed houses.

*By the Court.*—Judgment affirmed.