HOEFT, Respondent, vs. KUHNZ and others, Defendants: KENNEDY and wife, Appellants.

*January 9—February 6, 1934.*

For the appellants there was a brief by *Gilbert, Ela, Heilman & Raeder* of Madison, and oral argument by *Roman Heilman*.

*F. Y. King* of Tigerton, for the respondent.

WICKHEM, J.    The defendants J. E. Kennedy and Mary C. Kennedy are the grantees of the original mortgagors, Arthur H. Kuhnz and Bessie Kuhnz.    The warranty deed to the Kennedys contains an express assumption of the mortgage under foreclosure.    Two questions are raised by defendants Kennedy.    It is first contended that they are entitled to reformation of the deed upon the ground of mutual mistake.    It is claimed that the deed in question was delivered in execution of a contract of sale, by the terms of which it was agreed that the property in question would be conveyed to the Kennedys "subject to mortgage of $5,000 at six per cent."    Upon trial the defendant J. E. Kennedy denied that there was any agreement that he should assume to pay this mortgage, and that his first knowledge that he had so agreed did not come to him until he was notified by the attorney for the plaintiff that the mortgage was to be foreclosed.    One Redeman, who was the scrivener, testified that he did not remember what the agreement was with respect to the mortgage.    The grantor testified that it was understood and agreed that Kennedy would assume the mortgage, and that the assumption clause was not inserted by mistake.    Several letters were introduced by plaintiff, written by Kennedy,

expressing his intention to pay the mortgage debt when certain pending deals for the sale of the property were closed. Upon this evidence the trial court denied reformation.

The oral testimony certainly is not conclusive. The grantee testified to the fact of mistake, and the grantor denied it. The scrivener had no recollection of the transaction that throws any light upon the point in issue. While letters written by Kennedy are consistent with a prior agreement to assume and pay the mortgage debt, they are not inconsistent with the mere desire to save from foreclosure property which he had purchased subject to mortgage. In the final analysis the question whether the findings of the trial court are against the great weight and clear preponderance of the evidence depends for answer upon the probative effect of the executory contract of purchase. Does the fact that by the terms of this agreement the grantor engaged to convey the premises subject to the existing mortgage compel the conclusion that the assumption clause was inserted by mistake, or at least so clearly evidence a mistake that the findings of the trial court must be set aside as against the great weight and clear preponderance of the evidence? We have concluded that it cannot be said as a matter of law that the provisions of the executory contract conclusively indicate a mistake. While these provisions certainly have probative force upon the issue of mistake, the inferences to be drawn from them are not so strong as to compel the conclusion that the findings of the trial court are against the weight of the evidence. In view of the conflict in the oral testimony, and the positive assertion by the grantor that no mistake was made in the deed, the trial court was entitled to entertain doubts whether the mistake, if any, was in the contract rather than in the deed, or whether the contract was not subsequently modified by the parties. The burden of proof was upon the defendant Kennedy to show

by clear and satisfactory evidence that he was entitled to reformation. *McClellan v. Sanford,* 26 Wis. 595; *Wells v. Ogden,* 30 Wis. 637; *Harter v. Christoph,* 32 Wis. 245; *Sable v. Maloney,* 48 Wis. 331, 4 N. W. 479; *Blake Opera House Co. v. Home Ins. Co.* 73 Wis. 667, 41 N. W. 968; *Meiswinkel v. St. Paul F. & M. Ins. Co.* 75 Wis. 147, 43 N. W. 669; *Baumann v. Lupinski,* 108 Wis. 451, 84 N. W. 836. We cannot say as a matter of law that defendant sustained this burden.

The next claim is that the court erred in failing to fix an upset price upon application of the defendants. Reliance is had upon sec. 278.18, Stats. 1933, which reads as follows:

"278.18 *Determination of value at time of judgment.* Before sale in any action for the foreclosure of a mortgage in which judgment shall be entered prior to January 1, 1938, the court shall exercise its equitable powers and shall, at the time of the rendition of judgment or at any time thereafter before sale, upon the application of any party in interest, determine and fix the value of the mortgaged premises."

It is claimed that this statute is mandatory and that the court is required by the statute, at any time that application is made after judgment, to determine and fix the value of the premises. This is not the proper construction of the statute. In *Suring State Bank v. Giese,* 210 Wis. 489, 246 N. W. 556, it was held that because of the emergency created by the depression, the court, in ordering a sale or a resale, may fix a minimum or upset price at which the premises may be bid in if the sale is to be confirmed, or later require, as a condition to confirmation, that the fair value of the property be credited upon the judgment. Thereafter sec. 278.18 was passed. This section was plainly designed to require the court to exercise a power held by the *Suring State Bank Case* to be purely discretionary. The mandatory features of the law apply simply to require that at some time before sale an upset or minimum price be fixed. It was not in-

tended to limit the court's discretion as to when this price should be established, provided it be set before sale. In other words, the statute is not mandatory that an upset price be fixed upon application of any party in interest, but that upon such an application it be fixed before sale. It would hardly be contended, had the court fixed a price which later events proved to be too low, that the court could not conduct a new hearing and set a new price. The statute was not intended to limit the powers of the court but to compel their exercise before sale. This being true, it is evident that the terms of the statute have not been violated, and it is further evident that defendant is not presently prejudiced.

*By the Court.*—The portions of the judgment appealed from are affirmed.