NORRIS, Appellant, vs. WITTIG and another, Respondents.

*November 10—December 8, 1942.*

The cause was submitted for the appellant on the briefs of *Richardson, Reeder, Stearns & Weidner* of Milwaukee, attorneys, and *Amidon, Laubenstein & Snyder* and *Harry U. Amidon,* all of Hartford, and *Perry J. Stearns* of Milwaukee, of counsel, and for the respondents on the briefs of *L. A. Buckley* of Hartford.

MARTIN, J. The parties are farmers. Defendants deal in full-bred cattle. On May 26, 1939, plaintiff bought a certain bull from defendants and paid therefor $325. The bull was born November 9, 1938. It was a registered, purebred Holstein, and was bought for breeding purposes. Defendants admit that they warranted and guaranteed said bull to be a breeder and suitable for breeding purposes. In January, 1940, plaintiff started to use him for breeding. He was tried on several cows without success. Plaintiff then informed defendants that the bull was a nonbreeder and received permission from defendant John Wittig to have a veterinarian examine the bull. This was done. Upon receipt of the report of the veterinarian to the effect that he was a nonbreeder, defendant John Wittig told plaintiff to bring the bull back. Plaintiff returned the bull to defendants' farm the first part of June, 1940. There were some further conferences between the parties, and on July 17, 1940, the defendant John Wittig prepared, signed, and delivered the following instrument to the plaintiff:

"Bull born—November 9, 1938.
"Dam—Belle Homestead Aaggie Fobes—No. 1946748.
"Sire—Pietertje Della Rag Apple Fobes—No. 705209.
"Said bull was returned to John and Charles Wittig, Hartford—Wisconsin, at the price paid for—$325. Three hundred and twenty-five dollars. Will be settled for within sixty days (60 days).
"(Signed)   JOHN A. WITTIG."

Plaintiff bases his action on the foregoing instrument. Defendants contend that it was a mere receipt for the bull, and

that during the sixty-day period they were to test the bull, and if he proved not to be a breeder they were to pay plaintiff $325 at the end of the period. On the trial they offered parol evidence in support of their contention which was admitted over the objections of plaintiff's counsel. The plaintiff contends that the instrument above quoted is unambiguous; that it is an acknowledgment of the return of the bull to defendants, coupled with an unqualified promise to pay plaintiff $325 within sixty days from July 17, 1940.

Defendants did not ask to have the instrument reformed. Had they done so a different question would have been presented. The case was tried and decided below on the theory that it was an agreement by defendants to ascertain the truth or merits of plaintiff's claim within sixty days, and if found true within said time to repay plaintiff the purchase price. The rule is elementary that parol evidence is inadmissible to contradict or vary the terms of a written instrument. *Firestone Tire & Rubber Co. v. Werner*, 204 Wis. 306, 308, 236 N. W. 118.

In *Newport M. Co. v. Firemen's Ins. Co.* 174 Wis. 401, 402, 183 N. W. 161, which was an action on a fire insurance policy, the court said:

"It [defendant] did not ask for a reformation of the contract, but alleged that the intention, expressed in the written policy, was that only lumber in the open was covered by it. This constituted but a legal defense, the validity of which must be tested by the language of the contract entered into. It did not call for equitable relief by way of reformation. Without reformation defendant could not, in an action at law, avail itself of the affirmative defense of mutual mistake in the execution of the contract."

In *Schmidt v. Schmidt's Estate*, 123 Wis. 295, 296, 101 N. W. 678, plaintiff filed as a claim against his son's estate a plain, unambiguous promissory note for $1,000. The answer alleged that at the time of the execution of the note the

plaintiff gave his deceased son the face of the note as an advancement and the note was only evidence of such gift or advancement. The court permitted parol evidence tending to show that the sum named in the note was an advancement. The court held this to be error. The court said:

"If it was claimed that the note was executed by mistake, and did not express the intent of the parties, this fact could only be proven when properly alleged by an equitable counterclaim."

In *Hampton Plains Realty Co. v. Melvin Co.* 214 Wis. 128, 130, 252 N. W. 572, the court said:

"It is also well established that the only purpose for which evidence is ever admissible in an action on a contract is to interpret the writing. So far as the evidence tends to show not the meaning of the writing but an intention wholly unexpressed in the writing it is irrelevant. 2 Williston, Contracts, p. 1217. It was held in *Klueter v. Joseph Schlitz B. Co., supra* [143 Wis. 347, 128 N. W. 43], that where evidence is received to explain an ambiguity in a written contract the language in a contract cannot be twisted out of its ordinary meaning to the extent of going beyond the reasonable scope of the words."

The court cannot interpret the agreement of July 17th to conform to defendants' contention without reading into the agreement something not therein expressed. For example, the last sentence, "Will be settled for within sixty days." Defendants' contention is that they were to have sixty days from July 17, 1940, to ascertain the truth or merits of plaintiff's claim that the bull was a nonbreeder, and only in the event that they found it not to be a breeder or suitable for breeding purposes within the sixty days would they be obliged to return the purchase price.

The agreement is plain and unambiguous. It cannot be interpreted to conform with defendants' contention without the court rewriting the agreement. Even where the language of a contract is ambiguous, when it may reasonably be taken in

more than one sense, the parol evidence offered must establish a sense or meaning which the language of the contract will reasonably bear. *Wheelwright v. Pure Milk Asso.* 208 Wis. 40, 46, 240 N. W. 769, 242 N. W. 486. The words, "Will be settled for within sixty days," immediately following the sentence, "Said bull was returned to John and Charles Wittig, Hartford—Wisconsin, at the price paid for—$325," are a promise to pay. The amount and time of payment are fixed. See *Stillwell v. Coope* (N. Y.), 4 Denio, 225, 226; *Pinkerton v. Bailey* (N. Y.), 8 Wend. 600, 601; *Brody v. Doherty,* 30 Miss. 40, 44; *Taylor v. Miller,* 113 N. C. 340, 18 S. E. 504, 505; *Moore v. Hyman,* 35 N. C. 272, 274; *Hopkins v. Warner,* 109 Cal. 133, 41 Pac. 868, 869; *Tuggle v. Minor,* 76 Cal. 96, 18 Pac. 131, 133; *Edson v. Fuller,* 22 N. H. 183, 190; *State v. Staub,* 61 Conn. 553, 23 Atl. 924, 928; *Lomax v. Colorado Nat'l Bank,* 46 Colo. 229, 104 Pac. 85, 87; *McKinney v. Statesman Pub. Co.* 34 Or. 509, 56 Pac. 651, 653; *Northwest Hay Asso. v. Hanson,* 135 Wash. 47, 236 Pac. 561, 562; *Jeff Davis County v. Davis* (Tex. Civ. App.), 192 S. W. 291, 295.

The parol evidence offered in behalf of the defense, to which reference has been made, should have been excluded. No defense having been established, plaintiff was entitled to judgment on the contract. The defendants' counterclaim is for the care and keep of the bull from the time it was returned to defendants up to the time of the trial. Defendants having accepted return of the bull, thereby acquired legal ownership, and they cannot charge plaintiff for the care and keep of their own animal.

*By the Court.*—On defendants' motion for review of that part of the judgment dismissing defendants' counterclaim the judgment is affirmed. That part of the judgment dismissing plaintiff's complaint with costs is reversed, and cause remanded with directions to enter judgment in favor of the plaintiff against defendants in the sum of $325 with interest and costs.