Cordes, Respondent, vs. Coates, Appellant.

*January 16 — February 3, 1891.*

*(1) Reformation of deed: Mistake: Boundaries.   (2) Variance between complaint and finding.*

1. Defendant owned a farm comprising parts of two sections and lying on both sides of a highway which both parties supposed to be on the section line. He sold to the plaintiff all that part lying north of the highway, and gave him a deed of his lands in the northern section, assuring him that it conveyed to the highway. The plaintiff went into possession, and cultivated to the line of the highway for six years, when a new survey showed that twelve acres of the southern section lay north of the highway and was not embraced

in the conveyance. *Held*, that the plaintiff was entitled to have the deed reformed so as to include said twelve acres.

2. A variance between the complaint and a finding of fact based upon evidence which was admitted without objection, will be disregarded on appeal.

APPEAL from the Circuit Court for *Grant* County.

This action is to reform a deed of land. In 1883, defendant owned a farm on sections 16 and 21 in a township in Grant county. It included the W. ½ of the S. W. ¼, and the S. E. ¼ of the S. W. ¼ of section 16, except five acres theretofore conveyed to others, and fifty-three acres on the north side of the N. W. ¼ of section 21, which is south of and adjoining section 16. A highway extended easterly and westerly through the farm which the parties supposed was on, or very near, the line between the two sections. November, 1883, plaintiff purchased of defendant a portion of the farm on the north side of the highway, paying therefor $4,300, and the defendant conveyed to him the above-described subdivisions of section 16, except the five acres. Defendant gave directions to Mr. Bell, the attorney who wrote the deed, to insert those descriptions therein. The testimony tends to prove that plaintiff purchased all of the farm north of the highway, and that defendant assured him, when the deed was executed, that the descriptions therein extended south to the highway.

The defendant put the plaintiff in possession of all the farm north of the highway, and the latter occupied, cultivated, and improved the whole of it, repairing and rebuilding the north highway fence, and clearing up and plowing the land immediately adjacent thereto, without objection by defendant, who resided near the farm and frequently passed it on the highway. Both parties believed that the highway was substantially on the section line, until in 1889, when a survey of the land disclosed the fact that about twelve acres of section 21 lies north of the highway, and is

not covered by the deed to plaintiff.   Thereupon defendant demanded rent of plaintiff for the use thereof, and the plaintiff commenced this action to obtain a reformation of the deed by inserting therein a description of the twelve acres, alleging in his complaint that the same was omitted therefrom by mistake of the person who wrote it.

The court found from the testimony that the plaintiff intended to and did purchase, and the defendant intended to and did sell to him, the twelve-acre strip on section 21, and that the same was omitted from the deed by the mistake of both parties and contrary to their intentions.   As conclusion of law the court found plaintiff is entitled to the relief demanded in his complaint.   Judgment was thereupon entered, reforming the deed accordingly, from which judgment the defendant appeals.

For the appellant there were briefs by *Murphy & Gardner*, and oral argument by *J. W. Murphy*.

*T. L. Cleary*, for the respondent.

LYON, J.   The case turns almost entirely upon questions of fact, and calls for but little discussion.   The proofs satisfy us that the contract between the parties for the purchase and sale of the land included all of defendant's farm north of the highway.   Also that defendant gave directions to Mr. Bell to write the deed as it was written in good faith, believing that the descriptions therein covered all his farm north of the highway.   Plaintiff accepted the deed in the same belief, and until 1889 neither of them doubted or suspected that the deed failed to convey the whole of the land thus purchased by the plaintiff.   The defendant misled the plaintiff, innocently no doubt, by assuring him that the deed conveyed to the highway.   The plaintiff bought and has paid for the twelve acres, and has occupied and improved the same for many years, erroneously supposing he had title thereto.   Why then should not the title be

vested in him? We perceive no valid reason for denying him such relief.

It is said that the plaintiff has been negligent; has delayed too long to assert his rights. But the defendant led him to believe he had his rights, and as soon as the plaintiff learned the contrary he commenced this action to obtain them. We find here no element of negligence.

Again, it is said that there is a variance between the complaint and the findings of fact, in that it is alleged in the complaint that the mistake was that of the person who wrote the deed, while the finding is that it was the mutual mistake of the parties. This variance is now of no importance. The testimony supports the finding, and there was no objection to its admission on the ground of variance. Had such objection been made at the trial, the court would have ordered the complaint amended to correspond with the proofs. The objection not having been so made, the variance must be disregarded.

We find no infirmity in the judgment, and hence cannot disturb it.

*By the Court.*— Judgment affirmed.