SCHEUER, Respondent, vs. CHLOUPEK, Appellant.

*November 8—December 4, 1906.*

*Reformation of instruments: Mutual mistake: Pleading: Amendments: Discretion: Dower: Merger.*

1. In an action to reform a deed the evidence, stated in the opinion, is *held* to justify a finding that a mutual mistake was made as to the identity of the tract of land described in the deed, and that the deed should be reformed so as to include that pointed out and supposed to be conveyed.

2. In an action to reform a deed the fact that the land was a homestead occupied by the grantor and his wife was not pleaded. On the trial testimony tending to show such fact was received subject to objection as to its competency, relevancy, and admissibility under the pleadings. No application to amend the answer was made until after the evidence had been closed and the facts argued, and was first requested nearly three months thereafter in defendant's brief. *Held*, under the circumstances shown in the record, that there was no abuse of discretion in refusing leave to amend.

3. In an action against the grantor and his wife to reform a deed the grantor died pending an appeal. After judgment and prior to his death the grantor conveyed all his title and interest in the land affected to his wife. It was contended, on appeal, that the wife had only signed the deed in that capacity, that she had received no consideration therefor, and that the law would not reform the deed so as to bar her dower in land which she had never conveyed nor agreed to convey, and for which she had received no part of the consideration. *Held* insufficient, since the record showed (1) there was neither pleading nor proof that the wife had received no part of the consideration; (2) that by accepting the deed of the fee the wife's inchoate estate in dower was merged in the fee.

APPEAL from a judgment of the circuit court for Manito-woc county: MICHAEL KIRWAN, Circuit Judge.  *Affirmed.*

This is an action in equity to reform the description of 'land in a warranty deed executed by Adolph Chloupek and *Anna Chloupek,* his wife, to the plaintiff December 26, 1895. The land in question is situated in Manitowoc county near the village of Mishicott, and is part of a tract of thirty-eight acres which, on and prior to August 8, 1895, was owned by Adolph Chloupek.  On the day last named he caused a por-tion of it to be surveyed and stakes to be driven to mark the corners of lots, blocks, and streets according to a plat there-after to be made.   On the following page is a copy of the plat afterwards made by the surveyor, except that the dotted lines do not appear upon the plat.

The idea at first was to have twenty or twenty-two sixty-foot lots in block 1, and measurements were made and stakes driven accordingly, but it was finally decided to have but eighteen lots and a sixty-foot street, because of the close prox-imity of Mr. Chloupek's barn, but the stakes already driven on the extreme north were left standing.   The plat was ac-knowledged by Mr. Chloupek August 19, 1895, but was not recorded until October 21st of the same year.   The land was farm land when platted and the streets marked on the plat were not opened after the plat was made.   The streets on the west and south sides were highways already in existence. Some time in the latter part of August or early in September the plaintiff and Adolph Chloupek had some negotiations looking towards the purchase by the plaintiff of two lots.   The plaintiff claims that he was not shown the plat, but that Chloupek went with him to the premises, and, as the north corner lots of block 1 were held at a higher price, he con-cluded to take the next lots, and that Chloupek then pointed out to him the stakes which he said were the corner stakes of lots 3 and 4, and they agreed on the price and closed the oral bargain for the parcel so pointed out, which both sup-

posed constituted lots 3 and 4. Chloupek denies that he was
ever on the ground or pointed out any stakes to the plaintiff,

and claims that he showed him the plat and talked with him
about the lots simply from examination of the plat, and the

plaintiff finally concluded to take lots 3 and 4. The premises which the plaintiff claims that Chloupek thus pointed out to him constitute the parcel inclosed with dotted lines on the map. The evidence shows that plaintiff immediately took possession of the parcel inclosed in dotted lines and commenced to build a house thereon, which was finished about Christmas time, when the plaintiff moved in and received from Chloupek a deed of lots 3 and 4, which both parties then and for six years afterwards supposed to be the parcel included in dotted lines. The plaintiff built a fence around this parcel during the following spring and erected a barn, dug a well, and planted an orchard. When the oral bargain was made Chloupek had a barn on the thirty-eight acre tract immediately north of the plat and was also building a house. He then resided in a rented house a short distance away, but moved into the new house in November, 1895. In October, 1901, Chloupek sold and conveyed to one Hrudka lots 5 and 6 and the north half of lots 7 and 8 in the plat and put Hrudka in possession of a piece of ground ninety feet in width immediately south of the plaintiff's inclosure. At this time the mistake in the plaintiff's boundary lines was first discovered and negotiations were had for some settlement of the matter, which proved fruitless, and this action was commenced. The plaintiff claims that the description in his deed should be corrected so as to describe the land included within the dotted lines, on the ground that he actually bought that land and that, by mutual mistake, it was wrongly described in the deed as lots 3 and 4. Chloupek, however, claims that he sold lots 3 and 4, and that the only mistake was the mistake made by plaintiff himself in taking possession of the wrong land. There was no claim made in the answer that the premises in question constituted any part of Chloupek's homestead. The court found that a mutual mistake was made substantially as claimed by the plaintiff, and entered judgment reforming the deed so that it should describe the land

actually occupied by the plaintiff, and the defendants Chloupek and wife appealed.

It further appears by a stipulation filed in this court that Adolph Chloupek died after the appeal to this court and that, prior to his death, he duly conveyed to the defendant *Anna* all his title and interest in the land affected by this action; also that *Anna Chloupek* has been appointed administratrix of his estate and has duly qualified. It was further stipulated that the appeal should be prosecuted by *Anna Chloupek* in her individual capacity and as administratrix aforesaid.

For the appellant there was a brief by *Sedgwick, Sedgwick & Schmidt,* and oral argument by *G. G. Sedgwick.*

For the respondent there was a brief by *Nash & Nash,* and oral argument by *L. J. Nash.*

WINSLOW, J. We shall spend little time upon the questions of fact in the present case. Examination of the bill of exceptions satisfies us that the court was entirely justified in holding that it was clearly proven that a mutual mistake was made by Chloupek and the plaintiff at the time of the plaintiff's purchase, and that the tract actually pointed out to the plaintiff by Chloupek and supposed by both parties to be bought and described in the deed afterwards delivered was the tract included within the dotted lines in the plat.

There are two other questions in the case, however, which demand some consideration. The appellant claims that it is conclusively shown in the case that the property in question was a part of the homestead of Adolph Chloupek and *Anna Chloupek* at the time of the sale, and hence that equity will not reform the deed against the husband in his lifetime nor against his widow. If this fact does appear in the evidence and the evidence is properly in the case, it seems difficult to avoid the conclusion claimed. *Petesch v. Hambach,* 48 Wis. 443, 4 N. W. 565; *Conrad v. Schwamb,* 53 Wis. 372, 10 N. W. 395. The serious difficulty arises, however, upon the

question whether the evidence tending to show the fact of
homestead was before the trial court for consideration. The
fact that the premises constituted a part of the defendants'
homestead is without doubt an affirmative defense and should
be pleaded in order to be available. It was not pleaded, nor
did the plaintiff's evidence show the fact. When the defend-
ants took the case and attempted to introduce evidence tend-
ing to show that the whole tract was their homestead, prompt
objection was made by the plaintiff on the ground that it
was incompetent, immaterial, and inadmissible under the
pleadings, and the court, in substance, ruled that it was in-
admissible, but that he would receive it subject to the objec-
tion, and it was distinctly stated that all evidence tending to
show homestead was only to be received subject to objection.
No application was made to amend the answer, but evidence
was introduced showing that, at the time of the oral arrange-
ment for the sale, Chloupek was keeping his stock in the barn
on the premises north of the platted portion; that he was then
living in a rented house near by; that he was building a
house on the premises, and intended to occupy them as his
homestead as soon as the house was finished; and that he
moved into the house in November following, and afterwards
occupied the whole premises as his homestead, including the
platted portion and excepting the part occupied by the plaint-
iff. The evidence was closed and the facts argued June 27,
1903, but no application was made to amend the answer. In
September and October following, written briefs were served
and filed, and in the defendants' brief, served September
17th, there was for the first time a request that the defend-
ants' answer be amended so as to admit the evidence if the
court deemed such amendment necessary. The trial court
held that in view of the fact that the plaintiff, through no
fault of his own, had expended some $1,800 on the premises
and would be deprived of his home as he had prepared it and
relegated to an action for damages against the husband in case

the amendment were to be permitted, no amendment would
be allowed at that late day because it would not be in further-
ance of justice. The question here is whether it is our duty
to reverse the ruling of the trial court and consider the evi-
dence; in other words, whether the ruling was an abuse of
discretion.

The whole principle of the Code undoubtedly is that amend-
ments should be allowed liberally, that substantial rights
should not be lost on account of mere failure to plead in apt
terms or within the time limited by statute, if the substantial
rights of the opposing party can be preserved. We should
have been better pleased had the amendment been allowed
and the question whether a homestead right existed deter-
mined. However, the specific objection had been promptly
made early in the trial and the court had at once made a rul-
ing showing that in his judgment an amendment was im-
perative. The defendants chose to stand on their pleading
through the entire trial and for months after the trial had
been concluded. Furthermore, it appears that the defend-
ants made a proposition of settlement by way of exchange of
lots and removal of buildings and payment by plaintiff of
$100, in their answer and at the opening of the trial, which
the plaintiff refused to accept. It seems likely that this re-
fusal was based partly on the failure to plead the defense of
homestead. Had the defendants made their application to
amend when the objection was first made and they were noti-
fied that amendment was necessary, it may well be that the
plaintiff would have accepted the offer and spared himself
the expense of further trial of the case. Such considerations
as these in addition to those named by the trial judge in-
duce us to hold, with some reluctance, that there was no abuse
of discretion in refusing to allow the amendment.

Another contention is made to the effect that it appears
that *Mrs. Chloupek* only signed the deed as the wife of
Adolph, that she received no consideration therefor, and that

the law will not reform a deed so as to bar her dower in land which she has never conveyed nor agreed to convey, and for which she has received no part of the consideration. There are at least two difficulties with this proposition: *First,* there is neither pleading nor proof that *Mrs. Chloupek* received no part of the consideration, and the only evidence bearing on the subject is the recital in the deed, which acknowledges that the parties of the first part (Mr. and *Mrs. Chloupek*) have received the sum of $175, in consideration of which they execute the deed; *second,* it appears by the stipulation filed that Mr. Chloupek, before his death and after judgment, deeded the fee in the land in question to the defendant *Anna.* By accepting a deed of the fee *Anna's* inchoate estate in dower was unquestionably merged in the fee. The greater and the lesser estate met in the same person with no intermediate estate between, and the lesser estate ceased to exist. *Youmans v. Wagener,* 30 S. C. 302, 3 L. R. A. 447, 9 S. E. 106. The defendant now has only the fee, which is subject to the plaintiff's right of reformation of his deed.

*By the Court.*—Judgment affirmed.