ROWELL, Respondent, vs. RHADANS and another, Appellants.

*December 3, 1919—March 9, 1920.*

*Vendor and purchaser: Co-grantors: Breach of joint covenant: Parties to action for purchase price: Mistake in description of deed: Pleading: General denial: Parol evidence to vary deed: Fraud: Appeal: Real issue not litigated: Disposition of case.*

1. In the absence of allegations of fraud or mistake, oral evidence is inadmissible to contradict the provisions of a deed stating the description and amount of land conveyed.
2. Where a defendant's answer and counterclaim in an action on a purchase-price note alleged that the deed from plaintiff and his co-grantor embraced land to which they had no title, the co-grantor was a necessary party where the covenants in the deed were joint and not joint and several.
3. Where in such case the defendant purchaser alleged that plaintiff had no title to part of the land deeded, and plaintiff's reply was merely a general denial, defendant was entitled to recover the value of the land as to which title had failed upon the execution of the deed being admitted, the question whether the description in the deed was inserted by mutual mistake. not being presented by the pleadings.
4. An erroneous judgment for the plaintiff, entered without fully trying the real controversy between the parties, will be reversed and the cause remanded for a new trial under sec. 2405*m*, Stats.

APPEAL from a judgment of the county court of Walworth county: JAY F: LYON, Judge.   *Reversed.*

On the 25th day of August, 1914, the defendants entered into a contract with the plaintiff and one John H. Overbaugh by which the defendants purchased from the plaintiff and Overbaugh a certain farm situated in Walworth county. The purchase price was $11,000.   The defendants executed two promissory notes for $1,000 each, gave a mortgage for $5,000 upon the premises purchased, and gave in exchange certain property at Hartland, of the value of $4,000.   The defendants were put into possession of the farm, paid one of the notes, and refused to pay the second note, due January 1, 1915.   Overbaugh indorsed the note to the plaintiff, and this action was begun to enforce payment of the note for $1,000 due January 1, 1915.

The defendants answered admitting the execution and delivery of the note set out in plaintiff's complaint, being the note due January 1, 1915, admitted that no part thereof had been paid, set out the purchase of the farm from the plaintiff and Overbaugh, and that the transaction included a certain amount of personal property, as to which there is no dispute; and further alleged that the farm was conveyed to the defendants by warranty deed of plaintiff and Overbaugh, which deed contained the usual covenants as to seisin, incumbrances, and for peaceable possession, and warranty of title.   It further set out that of the premises described in the conveyance to them about six acres belonged to one Harry Mereness and Grove Mereness, who were in the exclusive possession thereof; that the grantors never placed the defendants in possession of said six acres; alleged that the six-acre tract was an inducement for the purchase by the defendants of the farm in question from the plaintiff and Overbaugh; that the plaintiff and Overbaugh represented to the defendants that said six-acre tract was a part of the premises sold by the plaintiff and Overbaugh to the defendants; that the plaintiff and Overbaugh in fact had

no title whatever to the six-acre tract, and that by reason of the breach of the covenants of the warranty deed the defendants had suffered damages in the sum of $1,800.

The facts alleged in the answer were set out both as defensive matter and by way of counterclaim.

For a reply to the counterclaim the plaintiff made a general denial. The case was tried before the court without a jury. The court found that the defendants executed and delivered the note described in the plaintiff's complaint; that the same was indorsed by Overbaugh to the plaintiff; that the note was due and payable January 1, 1915; that no part thereof has been paid;

"That said note was delivered by defendants to plaintiff in part payment of a certain piece of land described in the answer and counterclaim of defendants; that the deed given by the plaintiff and the above named John H. Overbaugh, and which is recorded in the office of the register of deeds of Walworth county on August 29, 1914, in volume 137 of deeds, on page 556, alleged in the answer and counterclaim of defendants, erroneously included a seven-acre tract of land which did not belong to the plaintiff or the said John H. Overbaugh."

"6. That the plaintiff or the said John H. Overbaugh, grantors of the deed above referred to, did not represent to the defendants or either of them that he or either of them had title to the said seven-acre tract; that the defendants did not rely on any representations in regard to said seven-acre tract as alleged in defendants' answer and counterclaim.

"7. That defendants found the seven-acre tract of land erroneously included in the deed referred to, in the possession of a third party, exercising all the acts of ownership over said tract, and made no complaint whatsoever to plaintiff until plaintiff demanded payment of the note above referred to."

The court concluded, as a matter of law, that the plaintiff was entitled to judgment in the sum of $1,000 and interest and costs. Judgment was entered accordingly, and from the judgment the defendants appeal.

Rowell v. Rhadans, 171 Wis. 86.

For the appellants there was a brief by *Wallace Ingalls* of Racine and *Clarence Haugen* of Beloit, and oral argument by *Mr. Ingalls*.

*Shannon & Cronin* of Oconomowoc, for the respondent.

The following opinion was filed January 13, 1920:

ROSENBERRY, J.   The record in this case is ragged and unsatisfactory.   The outstanding features of this transaction are plain; the principles applicable are elementary.   The pleadings should have presented the real issue.   It is as plain as a pike-staff that the deed given by the plaintiff and Overbaugh to the defendants is binding and conclusive upon both parties thereto, and that oral evidence cannot be given to contradict it, in the absence of any allegation of fraud or mistake.   It is equally clear that Overbaugh was a necessary party, as the covenants contained in the deed were joint, and not joint and several.

The plaintiff in his reply set up no grounds for reformation of the deed, entered a general denial, under which the sole issue was *non est factum*.   Upon the deed being offered and received in evidence, its execution being admitted, the defendants were entitled to recover upon their counterclaim, under the pleadings as they stood.

The real question in the case, as to whether the description inserted in the deed was inserted by mutual mistake of the parties, was neither presented by the pleadings nor tried by the court.   In *Semple v. Whorton,* 68 Wis. 626, 32 N. W. 690, it was intimated that if a party sought to be relieved from a covenant such as the one contained in the deed in this case, the only remedy would be in equity for reformation.   In *Casgrain v. Milwaukee Co.* 81 Wis. 113, 51 N. W. 88, it was said:

"The reformation of contracts is purely cognizable in equity.   It must be done by equitable action or by equitable counterclaim.   It cannot be by mere defense in an action at law.   In the present case there has been no action brought

Rowell v. Rhadans, 171 Wis. 86.

nor counterclaim interposed to reform this contract; consequently it must stand as written."

So here, the plaintiff could not contradict the deed by parol evidence, or show that the deed was intended to convey premises other than those described, in the absence of an allegation of fraud or mistake, and if, as the plaintiff claimed upon the trial, the plaintiff and Overbaugh intended to sell and the defendants intended to buy the premises lying east of the Palmer line, and the description inserted in the deed was supposed by both parties to describe such premises, but by reason of mistake it did not, then the deed should be reformed, and the pleading should be so framed as to present that issue.

We have no hesitancy in reversing this judgment under the provisions of sec. 2405m, Stats., and remanding the cause for a new trial, for the reason that the real controversy has not been fully tried. Proper amendments to the pleadings should be made to bring in Overbaugh as a party, and to present the question of whether or not there was a mutual mistake of the parties in the execution and delivery of the deed to the premises in question.

*By the Court.*—Judgment reversed, and case remanded for new trial.

The respondent moved for a rehearing.

In support of the motion there was a brief by *Shannon & Cronin* of Oconomowoc, attorneys for the respondent, and *Richmond, Jackman, Wilkie & Toebaas* of Madison, of counsel.

In opposition thereto there was a brief by *Wallace Ingalls* of Racine, attorney for the appellants.

The motion was denied, with $25 costs, on March 9, 1920.