JOHNSON, Respondent, vs. GREEN BAY PACKERS, INC., Appellant.*

*January 12—February 7, 1956.*

* Motion for rehearing denied, with $25 costs, on April 3, 1956.

150

154

For the appellant there were briefs by *Welsh, Trowbridge, Wilmer & Bills* of Green Bay, and oral argument by *F. N. Trowbridge*.

For the respondent there was a brief by *Kaftan, Kaftan & Kaftan* of Green Bay, and oral argument by *Arthur J. Kaftan*.

CURRIE, J. The following issues are raised on this appeal:

(1) Whether reformation may be decreed to delete a provision in a contract, where such provision was left in the contract with the consent of the aggrieved party, even though such consent was obtained in reliance upon a contemporaneous oral promise which was not kept;

(2) Whether the judgment in behalf of Johnson can be affirmed on the ground set forth in plaintiff's second cause of action, *i. e.*, that the trial court should have enforced the contract as written giving effect to the written portion over the conflicting printed paragraph 6;

(3) Whether the trial court erred in holding that the burden of proving discharge for cause was upon the defendant;

(4) Whether plaintiff's causes of action are barred because of his failure to submit the dispute for arbitration to the commissioner of the league.

Without dispute, it appears from the facts found by the trial court that, when Johnson in the summer of 1948 received back his copy of the contract of employment, he at once discovered that paragraph 6 thereof had not been deleted as agreed between the parties, and that he immediately called the matter to Lambeau's attention. Lambeau then explained to Johnson that paragraph 6 had not been deleted because the league commissioner did not like contracts with parts crossed out, but assured Johnson that the original agreement for a "season" contract for the years 1948 and 1949 would be lived up to. Upon such verbal assurance from Lambeau, Johnson did not renew his request that paragraph 6 be

deleted but entered into employment with such paragraph still in the contract.

In *Touchett v. E Z Paintr Corp.* (1953), 263 Wis. 626, 630, 58 N. W. (2d) 448, 59 N. W. (2d) 433, this court had before it a cause of action for reformation of contract, and in its opinion stated (p. 630):

"There is a further rule of law that the court will not insert a provision in a contract which was omitted with the consent of the parties asking for reformation, although such consent was given in reliance on an oral promise of the other party that the omission would not make any difference."

We consider the above-quoted principle to be equally applicable to the facts in the instant case. The fact that here we are concerned with the failure to delete a clause necessary to conform the written contract to the prior verbal understanding of the parties, while in the *Touchett Case* the written contract failed to include a paragraph covering a matter previously agreed upon by the parties in parol, we deem to be of no significance. In both situations the aggrieved party accepted the contract as written and entered into performance thereof upon the oral promise of the other party that the failure of the contract to read as agreed would not make any difference. We, therefore, conclude that it was error for the trial court to have decreed reformation of the contract by ordering the deletion of paragraph 6.

Counsel for Johnson urge that, even if the contract be not reformed so as to delete paragraph 6 thereof, the written provisions indorsed on the back of plaintiff's copy of the contract by Lambeau, being in direct conflict with the printed provisions of paragraph 6, must prevail over such printed provisions. In other words, it is urged that the trial court should have reached the same result by a proper interpretation of the contract as written.

The second cause of action, including its prayer of relief stated in the plaintiff's complaint, properly raised such issue

in the trial court. Under the provisions of sec. 274.12 (2), Stats., plaintiff is entitled to raise this issue on appeal without the necessity of filing any motion for review. *Oelke v. Earle* (1956), 271 Wis. 479, 74 N. W. (2d) 336. This is because the point raised by plaintiff supports the judgment appealed from.

We deem that the point under consideration is ruled in plaintiff's favor by the case of *Tollefson v. Green Bay Packers, Inc.* (1950), 256 Wis. 318, 41 N. W. (2d) 201. Such case involved an action to recover damages for breach of contract of employment by Tollefson, a professional football player, against the same defendant as in the instant case. Most of the provisions of the contract were in printed form, as in the instant case, and Lambeau, manager of the Packers, wrote in longhand in paragraph 1, which covered the matter of Tollefson's compensation, "minimum $3,600 for season." Paragraph 7, one of the printed clauses of the agreement, provided that the contract might be terminated any time by the Packers giving notice in writing within forty-eight hours after the date of the last game in which Tollefson had participated. This court interpreted such words to mean that, unless discharged for cause, Tollefson was entitled to the full sum of $3,600 whether he participated in the games played by the Packers or not. In its opinion, this court stated (p. 322):

"Unquestionably, absent the minimum clause, under the provisions of paragraph 7 of the contract, the defendant might have released plaintiff at any time, with or without cause. Although it was not definitely known when the contract was made how many practice games would be played, the amount stated in the minimum clause appears to have been determined from the fact that it would at least approximately compensate plaintiff for the games scheduled and planned to be played. If plaintiff had been permitted to perform fully he would have been entitled to the precise amount stated in the minimum clause. This, and the mere fact that

it was inserted, would indicate that it was intended that it should serve some purpose. It is our view that its terms are inconsistent with the provisions of paragraph 7 of the contract. There is applicable the rule:

" *'Where written provisions are inconsistent with printed provisions* [of a contract], *an interpretation is preferred which gives effect to the written provisions.'* Restatement, 1 Contracts, p. 328, sec. 236 (e). See also 4 Williston, Contracts (rev. ed.), p. 3281, sec. 1143; *Atlanta Terra Cotta Co. v. Goetzler,* 150 Wis. 19, 136 N. W. 188." (Emphasis supplied.)

Lambeau in the instant case testified on his adverse examination that if the provision contained in paragraph 6 of the printed form of the contract were deleted then the contract would have constituted that which is known "in the trade" as a "season contract." This corroborates Johnson's testimony that it was verbally agreed between him and Lambeau that he was to have a "season" contract for both years 1948 and 1949 under which the Packers would have no right to terminate the same except for cause, and that the notation placed on the back of Johnson's copy of the contract in longhand by Lambeau, and initialed by him, were in order to comply with Johnson's request that he have a "season" contract for such two years. As we view it, the only material difference in the facts of the *Tollefson Case* and the one at bar is that the governing provision written in longhand in the former was written on the face of Tollefson's contract, while in the instant case it was written on the back of the contract. However, inasmuch as the parties intended the provision in the instant case with respect to a "season" contract to be part of the contract, its location, whether on the face or back, is wholly immaterial.

12 Am. Jur., Contracts, p. 780, sec. 245, states:

"Matters in letterheads, billheads, or on the margin of the paper upon which a contract is written, which are regarded as a part of the contract, may, of course, be considered in

interpreting the contract. Thus, a memorandum on a written contract qualifying or restraining its operation may be regarded as a part of it."

In the following two cases memoranda written on the back of a contract were held to be part of the agreement and were held effective to modify the terms of the face of the instrument. *Alden v. Camden Anchor-Rockland Machine Co.* (1911), 107 Me. 508, 78 Atl. 977, and *Stone v. Bradshaw* (1942), 64 Idaho, 152, 128 Pac. (2d) 844. This court in *Timlin v. Equitable Life Assur. Society* (1910), 141 Wis. 276, 124 N. W. 253, held that an unsigned rider attached to a life insurance policy constituted part of the contract of insurance. A memorandum written on the back of a written contract and initialed by the party to be bound thereby ought to be as effective as an unsigned rider annexed to the contract.

Inasmuch as the provisions of paragraph 6 directly conflict with the provision in Lambeau's handwriting for "season" contracts for each of the years 1948 and 1949, the latter provision must govern.

The defendant Packers offered no evidence that Johnson was discharged for cause, and contend on this appeal that the burden is upon Johnson to prove that he was not discharged for cause rather than upon the Packers that he was. However, we believe that such argument is based on the theory that this court would give full effect to the wording of paragraph 6 of the printed portion of the contract because we doubt if counsel would have advanced such contention under the interpretation of the contract reached by this court on appeal, whereby we hold that no effect is to be given to the provisions of such paragraph. Under a contract providing for a fixed term of employment, the employer has the burden of proving that the employee was discharged for cause, where the employer relies on such a discharge as a ground for terminating the contract prior to its expiration date in the

absence of any special provision in the contract providing to the contrary. *Boynton Cab Co. v. Giese* (1941), 237 Wis. 237, 243, 296 N. W. 630.

The last point raised in behalf of the defendant Packers is that Johnson's action is barred by failure to request the commissioner of the league to arbitrate the dispute existing between the parties. Paragraph 4 of the employment contract provided as follows:

"The player agrees at all times to comply with and to be bound by all the provisions of the constitution, by-laws, rules and regulations of the league and of the club, all of which are hereby made a part of this contract. If the player fails to comply with said constitution, by-laws, rules and regulations the club shall have the right to terminate this contract or to take such other action as may be specified in said constitution, by-laws, rules and regulations, or as may be directed by the commissioner of the league, hereinafter called the 'commissioner.' The player agrees to submit himself to the discipline of the league and of the club for any violations of such constitution, by-laws, rules and regulations subject, however, to the right to a hearing by the commissioner. All matters in dispute between the player and the club shall be referred to the commissioner and his decision shall be accepted as final, complete, conclusive, binding, and unappealable by the player and club. The player hereby waives any and all rights of action against the commissioner, the league, the club, or any of its members or stockholders, and against any officer of the club or of the league arising out of or in connection with decisions of the commissioner, except to the extent of awards made by the commissioner to the player. The player hereby acknowledges that he has read said constitution, by-laws, rules and regulations and that he understands their meaning."

We deem it highly significant that the afore-quoted paragraph contains no mention of the employment contract existing between the player and the club. The subject matter of the paragraph is confined to the provisions of the constitution, by-laws, rules and regulations of the league. The words

*"All matters in dispute,"* with which the sentence relating to arbitration begins, while general in nature, are necessarily qualified by the specific matters expressly referred to in the three preceding sentences, viz.: The *constitution, by-laws, rules and regulations of the league.*

The applicable rule of interpretation is stated in 17 C. J. S., Contracts, p. 731, sec. 313, as follows:

"With qualifications which will appear, general terms and provisions in a contract yield to specific ones, and the court will restrict the meaning of general words by more specific and particular terms for, or descriptions of, the subject matter to which they are to apply. Thus, general words following particular or specific terms are restricted in meaning to those things or matters which are of the same kind as those first mentioned; and, in like manner, general expressions will be restricted by particular descriptions or additions following them.

"Where, however, both the general and special provision may be given reasonable effect, both are to be retained; and where the intent of the parties to employ a general term in its general sense is apparent from the contract as a whole, it will not be restricted in meaning by particular terms."

The underlying reason for the above-quoted rule is convincingly stated in *Hoffman v. Eastern Wisconsin R. & L. Co.* (1908), 134 Wis. 603, 607, 115 N. W. 383, as follows:

"The rule contended for, that particularization followed by a general expression will ordinarily be restricted to the former, is based on the fact in human experience that usually the minds of parties are addressed specially to the particularization, and that the generalities, though broad enough to comprehend other fields if they stood alone, are used in contemplation of that upon which the minds of the parties are centered."

We consider that it would be an unreasonable interpretation of the provisions of paragraph 4 of the employment contract to make the arbitration clause applicable to a dispute

based upon a claim of the player against the club for failure of the latter to pay him in accordance with the terms of such contract. It seems obvious from a careful reading of the paragraph that this was not the intention of the parties. Furthermore, in case of doubt, such printed paragraph should be construed most strongly against the party which furnished the printed forms of contract, which was the Packers. *Nolop v. Spettel* (1954), 267 Wis. 245, 255, 64 N. W. (2d) 859.

*By the Court.*—Judgment affirmed.