SCHULTZ and wife, Respondents, vs. RUDIE, Appellant.

*January 10—February 5, 1957.*

For the appellant there was a brief by *Fischer, Brunner & Strossenreuther* of Shawano, and oral argument by *L. J. Brunner*.

For the respondents there was a brief by *Winter & Winter* of Shawano, and oral argument by *Douglas D. Winter*.

BROWN, J.   A person named Mayme Dietzler died seized of land in the northwest quarter of the northwest quarter of section 30, township 27 north, range 16 east, Shawano county.   To pay debts and administration expenses the north 100 feet of this parcel was sold by one Vandree, a real-estate broker employed by the executor of Dietzler's will, to one Rosenberg.   The residue of the tract was assigned by final judgment in probate to defendant Rudie (then known as Soufal) under the description:

"The north 370 feet of the northwest quarter of the north-west quarter of the northwest quarter, section 30, township 27, range 16 east, excepting the north 100 feet thereof."

Mrs. Rudie wanted to sell all this land and employed Mr. Vandree to sell it for her. He interested the plaintiffs as purchasers but they did not have enough money to buy the entire tract, whereupon Mr. Vandree as agent for Mrs. Rudie offered to sell them a part of it. Vandree, Mrs. Rudie, and Mr. Schultz stood upon the land and Vandree pointed out to Schultz the boundaries of the parcel he was offering. This was a tract lying to the south of a certain chicken house and east of a highway which lay upon the north-south section line. Vandree pointed out to Schultz that the north boundary of the offered parcel would be a line parallel to and three feet south of the south wall of the chicken house and the south boundary would be parallel to the north one, 185 feet south of it, and equidistant between two parallel rows of apple trees. Vandree testified and it was not disputed that he, Schultz, and Mrs. Rudie "walked out" the north and south boundaries, as so described, at least once and possibly three times. Plaintiffs then agreed to buy the property so shown them and Vandree prepared an offer to purchase which Mr. Schultz and Mrs. Rudie, then known as Mrs. Soufal, signed. This described the property as:

"The north 370 feet of the NW ¼ of NW ¼ of NW ¼, except the north 100 feet thereof, and except the south 85 feet thereof. . . ."

Mrs. Rudie then had a deed prepared which she executed and delivered to the plaintiffs purporting to be in performance of her agreement. The description in the deed is:

"Commencing at the northwest corner of the northwest quarter of the northwest quarter of sec. 30, in township 27 north, of range 16 east, thence south on the section line 100 feet; there shall be the place of beginning; thence east 40 rods; thence south 185 feet; thence west 40 rods; thence

north on the section line 185 feet to the place of beginning, subject to highway on west line thereof."

The plaintiffs accepted the deed believing it to contain a description of the property which had been pointed out to them by defendant's agent. They went into possession and shortly thereafter had a survey made according to the description of the deed. This survey located the land's north boundary on a course heading some six degrees north of the boundary as pointed out by Vandree and cutting through the chicken house on an angle, leaving most of it within the land conveyed to plaintiffs. Likewise the south boundary, parallel to the north one as described in the deed, does not run between the two rows of apple trees but cuts across them at an angle leaving only a part of the north row within the land conveyed to plaintiffs.

Plaintiffs demanded a deed corrected to describe the land with boundaries as originally shown to them. Defendant refused. Plaintiffs brought this action for reformation. Defendant's answer opposed reformation as demanded but in turn alleged that the deed varied from the description in the offer to purchase and demanded that it be made to conform.

There is no doubt that the description in the deed must be changed to conform to the boundaries pointed out to plaintiffs by Mr. Vandree. The minds of the parties to the sale met on those boundaries. They were not negotiating in reference to compass courses but in reference to visible, unequivocal landmarks. The difficulty arose when Mrs. Rudie discovered later that the land which she retained was not a rectangle but had north and south boundaries which were not parallel. No doubt she supposed that the property retained was rectangular but this is immaterial. The offer of a parcel with visible boundaries was made to plaintiffs and negotiations were on the basis of what they were to get, not what Mrs. Rudie was to keep. It is likewise immaterial in

this case whether the description in the deed conforms to that in the offer to purchase. If necessary to carry out the intent of the parties, the offer, too, would be reformed. That is not done here because reformation of the deed is sufficient.

Defendant submits that plaintiffs intended and expected to buy land bounded on the north by the south line of the property sold by the estate to Rosenberg, as aforesaid, and that such line is correctly stated in Schultzes' deed as their north boundary. Granted, that Schultz was told he was buying up to the Rosenberg south line. That line was pointed out to him as lying three feet south of and parallel to the chicken house. Incidentally, one Domke, purchaser of the Rosenberg tract, was a witness at the trial and testified that his south line is where Vandree told Schultz it was. Where it actually may be according to the original Rosenberg conveyance is immaterial in the present controversy; the important thing is where defendant's agent told plaintiff it was.

The findings and judgment of the trial court seem to us to be so clearly right that no citation of authority for reformation of a description in such circumstances seems necessary; but for those who prefer at least a minimum of reference to precedent in an opinion we direct attention to *Cordes v. Coates* (1891), 78 Wis. 641, 47 N. W. 949, which in principle is like the case before us. The headnote in that case states:

"Defendant owned a farm comprising parts of two sections and lying on both sides of a highway which both parties supposed to be on the section line. He sold to the plaintiff all that part lying north of the highway, and gave him a deed of his lands in the northern section, assuring him that it conveyed to the highway. The plaintiff went into possession, and cultivated to the line of the highway for six years, when a new survey showed that twelve acres of the southern section lay north of the highway and was not embraced in the conveyance. *Held,* that the plaintiff was entitled to have the deed reformed so as to include said twelve acres."

And in *Abbott v. Dow* (1907), 133 Wis. 533, 537, 113 N. W. 960, citing *Scheuer v. Chloupek* (1906), 130 Wis. 72, 109 N. W. 1035, we said:

"If the minds of the parties had met on the sale and purchase of a particular parcel of land and they signed a writing which both supposed described that parcel, but which, by clerical error, described some other, a case is presented for a court of equity to ascertain the true agreement and interpose to prevent the writing, as far as variant, being enforced as the contract of the parties, in absence of negligence or acquiescence."

While we conclude that the trial court correctly decreed reformation of the description we think its reformed description has not improved matters. This is:

"Commencing at the northwest corner of the northwest one quarter of section 30, township 27 north, of range 16 east, thence running south along the section line 100 feet and there shall be the place of beginning; thence north 85 degrees, 44 minutes east to the east boundary of the northwest one quarter of the northwest one quarter of the northwest one quarter of said section 30, thence south 185 feet; thence westerly to the section line parallel to the north boundary, thence north along the section line to the place of beginning subject to the highway easement on the west side thereof."

If, starting at the designated "place of beginning" (upon which all parties agree), a line "east 40 rods" as recited in the deed bears too far to the left, or north, the trial court's line from the place of beginning "thence north 85 degrees 44 minutes east" bears still farther north and is that much worse. There are numerous ways of setting the desired course. It appears to us that, having reached the place of beginning "thence *south* 85 degrees 44 minutes east" would do but we will not direct any particular modification of the

description ourselves, leaving that to the trial court upon remittitur.

Judgment dismissing defendant's counterclaim was correct.

*By the Court.*—Judgment decreeing reformation of the deed to make the description conform to the boundary lines shown plaintiffs by defendant's agent affirmed. Judgment reversed in so far as the north and south boundary lines stated in the judgment do not conform to those shown by said agent, and cause remanded for their correction as aforesaid. Judgment dismissing counterclaim affirmed.