LANGE and others, Plaintiffs, vs. ANDRUS and wife, Defendants and Appellants: KINATEDER and wife, Interpleaded Defendants and Respondents.

*April 11—May 7, 1957.*

14

For the appellants there were briefs by *Geffs, Geffs, Block & Geffs* of Janesville, and oral argument by *Jacob Geffs.*

For the respondents there were briefs by *Mistele & Smith* of Jefferson, and oral argument by *Richard C. Smith.*

WINGERT, J.   In our opinion the "affirmative defense" in Kinateder's answer to the cross complaint fails to state facts constituting a defense to the claim for breach of warranty, and therefore the demurrer must be sustained.

1. The metes-and-bounds description in the deed appears to have included the three-acre tract without ambiguity, and no claim is made to the contrary.  Since the warranty of title, imported into the deed by force of sec. 235.06 (2); Stats.,

extends to all the described land, the grantors cannot escape the consequences of their warranty with respect to the three-acre strip unless they can show grounds for reformation of the deed. Unless it can be reformed, parol evidence will not be admissible to show that the warranty of title does not apply to all of the land included in the description. *Rowell v. Rhadans,* 171 Wis. 86, 89, 175 N. W. 937; *Kleih v. Van Schoyck,* 250 Wis. 413, 419, 27 N. W. (2d) 490.

The question, then, is whether the "affirmative defense" in the answer states facts which would entitle Kinateder to reformation of the description, to exclude the three-acre strip. There is no allegation of fraud, so any right to reformation must be based on mistake.

If the minds of the parties to the deed met on the sale and purchase of land up to the fence and they all supposed that the deed described only that parcel, then the deed may be reformed. *Schultz v. Rudie,* 275 Wis. 99, 102, 103, 80 N. W. (2d) 804. The mistake must be mutual, however; that is, common to all parties, alike laboring under the misapprehension. *Jentzsch v. Roenfanz,* 185 Wis. 189, 193, 195, 201 N. W. 504; *Langer v. Stegerwald Lumber Co.* 262 Wis. 383, 391a, 55 N. W. (2d) 389, 56 N. W. (2d) 512.

Does the "affirmative defense" in Kinateder's answer meet those requirements? It consists of paragraphs 7, 8, and 9. Paragraph 7 is as follows:

"7. That prior to the sale of said farm property conveyed by the interpleaded defendants to the defendants on September 30, 1950, the defendant Howard M. Andrus inspected said farm property and ascertained the boundaries of the same according to line fences as designated by the interpleaded defendant Joseph Kinateder and fully understood the extent of the boundaries of the acreage of the farm that he was buying. That the property presently in dispute between the plaintiffs and the defendants is not contained within the line fences as designated by the interpleaded defendant Joseph Kinateder and examined by the defendant Howard M. Andrus prior to said conveyance on September 30, 1950."

Paragraphs 8 and 9 relate to the recital "containing 70 acres of land, be the same more or less" which follows the metes-and-bounds description in the deed, and allege that at the time of conveyance Mr. Kinateder stated that the property conveyed did not contain 70 acres, and that all parties to the deed were aware of the discrepancy between the actual *amount* of land conveyed and the description in the deed.

On analysis, it will be seen that at most the "affirmative defense" alleges only that prior to the sale Mr. Andrus and Mr. Kinateder negotiated with reference to the fence as the boundary, and then mutually intended that only the land south of the fence was to be conveyed; and that at the time of conveyance all parties understood that less than 70 acres was to be conveyed. These allegations fall short of making a case for reformation, in the following respects:

(a) They do not assert that the two wives shared their husbands' intent with respect to the boundary of the land to be conveyed, or that the husbands had actual or apparent authority to act for them as their agents. A mistake of fact, to be ground for reformation, must be mutual to all parties to the instrument. The mere fact of marriage does not empower the husband to act as agent for the wife (Restatement, 1 Agency, p. 65, sec. 22, comment *b*), nor impute his understandings and mistakes to her.

(b) It is not asserted that the same mutual intention existed at the time of conveyance, nor that when the deed passed the parties were unaware of the fact that the description covered land north of the fence. It is not enough to show that parties originally intended something different than is expressed in the written instrument, for reformation will not ordinarily be granted to a party who knew when he signed the instrument that it did not correctly state the agreement. *Will of Pullen,* 166 Wis. 254, 259, 165 N. W. 25; *Johnson v. Green Bay Packers,* 272 Wis. 149, 157, 74 N. W. (2d) 784.

By virtue of sec. 263.07, Stats., Kinateder's mere failure to include an express prayer for reformation would not alone require that the demurrer be sustained; but the "affirmative defense" fails in the respects above mentioned to allege facts entitling Kinateder to any measure of judicial redress, and so that statute cannot save it. The missing elements are too substantial to be overlooked or to be supplied by recourse to the rule that the pleader is entitled to all reasonable inferences that can be drawn from the facts pleaded. This particular pleading falls rather within the principle that a pleader cannot be aided by mere surmise as to what the evidence will disclose. *Cochrane v. C. Hennecke Co.* 186 Wis. 149, 151, 202 N. W. 199.

2. Since the demurrer must be sustained for the reason given, we need not decide whether facts sufficient to entitle Kinateder to reformation of the deed could properly be pleaded as a defense to the cross complaint for breach of warranty, instead of as a counterclaim for reformation. That question appears to be debatable. Compare, for example, sec. 263.14 (2), Stats.; *Newport M. Co. v. Firemen's Ins. Co.* 174 Wis. 401, 402, 183 N. W. 161; *Palmersheim v. Hertel,* 179 Wis. 291, 297, 191 N. W. 567; *Norris v. Wittig,* 241 Wis. 543, 545, 6 N. W. (2d) 831; *Smith v. Vogt,* 251 Wis. 619, 30 N. W. (2d) 617, suggesting a negative answer, with *Coats v. Camden Fire Ins. Asso.* 149 Wis. 129, 132, 135 N. W. 524; *Lumbermen's Nat. Bank v. Corrigan,* 167 Wis. 82, 87, 166 N. W. 650; and Restatement, 2 Contracts, p. 975, sec. 507, indicating that such a short cut is permissible; and see Anno. 66 A. L. R. 763. Quite clearly an independent action to reform is not necessary, as a counterclaim for reformation may be interposed in the action on the warranty. *Page Woven Wire F. Co. v. Staudenmayer,* 174 Wis. 154, 159, 182 N. W. 746; *Krakow v. Wille,* 125 Wis. 284, 286, 103 N. W. 1121; *Journal Co. v. General Acc., F. & L. Assur. Corp.* 188 Wis. 140, 150, 205 N. W. 800.

*By the Court.*—Order reversed, with directions to sustain the demurrer to paragraphs 7, 8, and 9 of the answer to the cross complaint.